EDWARD PRINCE

*v.*

THE CITY OF QUINCY.

*Filed at Springfield Sept. 28, 1882—Rehearing denied January Term, 1883.*

1. CONSTITUTIONAL *construction.* Where the language of a constitution or statute is clear and unambiguous, the courts can not add a provision thereto in the nature of an exception, unless where to give effect to the language used, according to its literal terms, would lead to a gross absurdity or manifest wrong or inconsistency, which the courts will not attribute to a legislative body.

2. MUNICIPAL INDEBTEDNESS—*constitutional limitation.* By section 12, article 9, of the constitution of 1870, a city or other municipal corporation is absolutely prohibited from becoming indebted, in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, etc. Under this provision, when such municipality shall have reached the limit prescribed by the constitution, it is prohibited from making any contract whereby an indebtedness is created, even for the necessary current expenses in the administration of the affairs and government of the corporation.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

Messrs. MARSH & McFADON, for the appellant:

If the replication was bad, so was the plea, and the demurrer should have been carried back to the plea. *Peoria and Oquawka R. R. Co.* v. *Neill*, 16 Ill. 271; *Mt. Carbon Coal and R. R. Co.* v. *Andrews*, 53 id. 185.

As the constitutional prohibition against incurring indebtedness has no application to torts, it is apparent a city may become indebted notwithstanding such prohibition. *City of Bloomington* v. *Perdue*, 99 Ill. 329; *Bartle* v. *Des Moines*, 38 Iowa, 414.

The city having availed itself of the benefit of the contract, is estopped to avoid liability by the defence claimed. *City of East St. Louis* v. *East St. Louis Gas Co.* 98 Ill. 430.

The term "indebtedness," does not apply to contracts relating to the ordinary current expenses of a city, payable out of the current revenues. *Dively* v. *City of Cedar Falls*, 27 Iowa, 233; *Grant* v. *City of Davenport*, 36 id. 396; *State* v. *McCauley*, 15 Cal. 430; *Hoppikus* v. *State Comrs.* 16 id. 249; *People* v. *Pacheo*, 27 id. 207.

The city brought about an insufficiency of income by payments to bond creditors, which it has no right to do until its current expenses are paid. *Grant* v. *Davenport, supra; Coy* v. *Lyons*, 17 Iowa, 1; *Coffin* v. *Davenport*, 26 id. 315.

The inquiry as to the sufficiency of the city revenue should be at the time the contract was made.

Messrs. SIBLEY, CARTER & GOVERT, for the appellee:

Any liability to pay money, growing out of a contract express or implied, is a debt, within the meaning of the constitutional provision. When a law is plain and unambiguous, there is no room left for judicial construction. Cooley on Const. Lim. 55, 56; *Nouges* v. *Douglass et al.* 7 Cal. 65; *City of Beardstown* v. *City of Virginia*, 76 Ill. 34; *City of Springfield* v. *Edwards*, 84 id. 632.

The constitutional provision has been construed to prohibit the creation of indebtedness for any purpose, when the limit has been reached. *City of Springfield* v. *Edwards*, 84 Ill. 632; *Law et al.* v. *People*, 87 id. 385. See, also, *Winspear* v. *District Tp. of Holman*, 37 Iowa, 542; *State National Bank* v. *Ind. District of Marshall*, 39 id. 490; *French et al.* v. *City*

*of Burlington,* 42 id. 614; *McPherson* v. *Foster Bros.* 43 id. 48; *Buchanan* v. *City of Litchfield,* 102 U. S. 278; *Mosher* v. *Ind. District of Ackley,* 44 Iowa, 122; *Burlington Water Co.* v. *Woodward,* 49 id. 58; *Council Bluffs* v. *Stewart,* 51 id. 385.

That the prohibition extends to debts incurred for current expenses, see authorities cited in preceding paragraph, and *Fuller* v. *City of Chicago,* 89 Ill. 282; *Howell et al.* v. *City of Peoria,* 90 id. 104; *Fuller* v. *Heath et al.* 89 id. 296.

If the indebtedness is prohibited, the city is not estopped from pleading that in defence. *Loan Association* v. *Topeka,* 20 Wall. 655; *McPherson* v. *Foster Bros.* 43 Iowa, 48.

Mr. CARL E. EPLER, City Attorney, also for the appellee, relied upon the following authorities, in addition to those already cited: 2 Parsons on Contracts, secs. 500, 501; *The People* v. *Johnson,* 6 Cal. 499; *City of East St. Louis* v. *East St. Louis Gas Co.* 98 Ill. 430; *Grant* v. *City of Davenport,* 36 Iowa, 401; *Dively* v. *Cedar Falls,* 27 id. 233; *Council Bluffs* v. *Stewart,* 51 id. 396; Dillon on Municipal Corp. sec. 457; *Marsh* v. *Fulton Co.* 10 Wall. 676; *Aspinwall* v. *County of Daviess,* 22 How. 365; *Harshman* v. *Bates Co.* 92 U. S. 569; *Town of Prairie* v. *Lloyd,* 97 Ill. 191; *Lippincott* v. *Town of Pana,* 92 id. 24; *Barnes* v. *Lacon,* 84 id. 461; *Buchanan* v. *Litchfield,* 102 U. S. 278.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 7th of August, 1873, the city of Quincy, by ordinance, entered into a contract with Edward Prince, by which the latter agreed to construct, maintain and keep in operation within the corporate limits of the city, a general system of water works, to be extended and enlarged from time to time, as the growth of the city and wants of its inhabitants should require. For the use of the water by the city for the extinguishment of fires, and other purposes, the city agreed to pay Prince $2600 per annum, in monthly installments, and

also, in like manner, $200 per annum for each fire hydrant for the first hundred, $150 for the next additional fifty, and $100 for all in excess of one hundred and fifty. The rights of Prince under the ordinance were made exclusive, and the contract was to run for a period of thirty years, and at its expiration, if not renewed, the city was to purchase the works at their cash value. The city reserved the right to purchase the works at any time, though upon terms decidedly onerous to the city.

The works were constructed as contemplated by the ordinance, and the terms of the agreement were mutually observed by the respective parties for a number of years, when the city, assuming the agreement had been entered into on its part without legal authority, declined to further conform to its requirements, and so notified Prince. The latter not acquiescing in this view of the matter, brought the present action against the city to recover damages alleged to have been sustained by the plaintiff by reason of the failure and refusal of the defendant to perform said agreement. The cause was tried upon an issue of law, at the October term, 1880, of the Adams circuit court, resulting in a judgment for the defendant, which was affirmed on appeal to the Appellate Court for the Third District.

The errors assigned upon the record question the ruling of the circuit court in sustaining a demurrer to the plaintiff's replication to the defendant's amended additional plea, and the decision of the case here depends entirely upon the correctness of that ruling. The form of the action was assumpsit, the plaintiff counting specially upon the agreement above mentioned.

The additional amended plea, which was plead in bar of the count, alleged, in substance, that the city of Quincy, at the time of making the agreement sued on, was, and from thence to the time of the commencement of the suit had continued to be, otherwise indebted, in an amount exceeding the

constitutional limit of five per cent on all the taxable prop-
erty in the city.   To this plea the plaintiff replied, that the
said several sums of money sought to be recovered "per-
tained to the ordinary expenses of the defendant in the
administration of the affairs and government of the city,
and that at the time of the making of said contract the said
several sums of money so provided to be paid monthly by
said defendant to said plaintiff, together with other ordinary
expenses of the government of the said defendant, were within
the limits of the current revenues of said defendant."

If the plea presented a defence to the action, we are quite
clear the replication afforded no sufficient answer to the plea,
and upon that hypothesis the court properly sustained the
demurrer to the replication.   Whether the plea in question
presented a defence to the action, depends upon the construc-
tion which must be given to section 12 of article 9 of the
constitution, already alluded to.   That section, or so much
thereof as relates to the question in hand, declares that "no
county, city, township, school district, or other municipal
corporation, shall be allowed to become indebted, *in any
manner or for any purpose*, to an amount, including existing
indebtedness, in the aggregate exceeding five per centum on
the value of the taxable property therein, to be ascertained
by the last assessment for State and county taxes previous
to the incurring of such indebtedness.".   Now, if it be true,
as is claimed, that this provision of the constitution has no
application to liabilities arising under contracts like that set
forth in the declaration, it is very evident the plea presented
no defence to the action, and the demurrer should have been
carried back and sustained to the plea.

While the provision of the constitution just cited declares,
in emphatic terms, that a city or other municipality whose
existing indebtedness already exceeds the constitutional limit,
as was the case here, shall not become further indebted "*in
any manner or for any purpose*," it is seriously contended

by counsel for appellant that a municipality thus circumstanced may become indebted for supplies to meet its ordinary wants and necessities. To so construe the constitution would be to add a provision, in the nature of an exception, to the constitution, which the framers of that instrument did not see proper to insert. This, as is well settled by an unbroken current of authority, is not permissible where the language of the law is clear and unambiguous, as is the case here, except where to give effect to the language used, according to its literal terms, would lead to a gross absurdity or manifest wrong or inconsistency, which courts will not impute to a legislative body. That no such consequences will flow from giving effect to this provision of the constitution according to the obvious meaning of the language in which it is conceived, will hardly be claimed by any one. The object and purpose of the framers of the constitution in adopting this provision have, on more than one occasion, received the deliberate and mature consideration of this court, and we do not feel called upon to repeat what we have already said on the subject, but will content ourselves with a reference to the cases containing the previously expressed views of this court in relation to it: *City of Springfield* v. *Edwards*, 84 Ill. 626; *Law et al.* v. *The People*, 87 id. 385.

It is claimed the construction given in the above cases to the provision of the constitution under consideration is modified by the case of *East St. Louis* v. *East St. Lous Gas Light and Coke Co.* 98 Ill. 430. But such is not the case. That was a suit for gas, and in answer to the claim that the city had already, under this provision of the constitution, exhausted its power to contract a further indebtedness, it is distinctly stated in the opinion in that case that it did not affirmatively appear that at the time the gas was furnished the city was indebted beyond the constitutional limit, and hence a recovery was permitted. Such is not the case here, as we have already seen.

The judgment will be affirmed.

*Judgment affirmed.*