McCulloch, J. The claim sued for in this case was in litigation in the case of Town ot‘ Harwood v. Hamilton et al., 13 Bradwell, 358. We there decided that the commissioners of ¡highways had no power to create the debt sued for in such manner as to make the same payable out of any other funds than the taxes levied for that year, “ for the commissioners having been provided by law with the power to supply themselves by taxation with the funds necessary to the discharge of their duty in keeping the highways and bridges in repair, appellees must look to that source alone for the payment of their claim. The statute has given them no power to create a debt or liability for which it has not also given them authority to provide the means of payment.” It is now sought to reach the funds provided for keeping the roads and bridges in repair for the year in question by bringing a suit directly against the commissioners of highways of the town. Ho question was made in the former case as to the proper parties to sue, and our decision was based upon the inability of the commissioners of highways to contract the debt in question so as to make the same recoverable in that form of action. The reasoning in that case applies with ail its force in this. Our position then taken is strengthened by the cases of Prince v. City of Quincy, 105 Ill. 138; Same v. Same, Id. 215. We regard the former case conclusive of the principle involved in this one. The judgment of the circuit court will therefore be reversed and the cause remanded. Judgment reversed and remanded.