City of Roodhouse v. Johnson.

---

## City of Roodhouse v. James Johnson.

1. FEES AND SALARIES—*Compensation Not to be Changed, When.*— The compensation of a municipal officer can not be increased or diminished during the term for which he is elected or appointed.

2. CITIES AND VILLAGES—*Ordinances Diminishing Salaries.*—An ordinance providing that the city attorney shall receive five dollars per month, payable monthly, passed during the term of that officer, does not take effect so as to diminish his salary, but does that of his successor in office, and as such is a valid ordinance.

3. ORDINANCES—*When They Take Effect.*—Valid ordinances or statutes take effect either from their passage or publication, or from some definite time expressly indicated therein, or by some general law applicable to them, or by construction based upon presumption arising upon external facts or conditions. (Sec. 64, Ch. 24, R. S. Ill.)

Memorandum.—Assumpsit. In the Circuit Court of Green County, the Hon. GEORGE W. HERDMAN, Judge, presiding. Common counts and plea of the general issue, except as to $40; trial by the court; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed February 11, 1895.

APPELLANT'S BRIEF, D. J. SULLIVAN, ATTORNEY.

Courts will not construe an ordinance unconstitutional or void if any other reasonable construction can be placed

upon it which will render it valid. If the facts shown are capable of two constructions, one of which will support, and the other defeat an ordinance, the former will be adopted. People ex rel. William T. Johnson, collector, etc., v. Joseph Peacock, 98 Ill. 177; William Harmon v. The City of Chicago, 140 Ill. 399.

The same rule of construction applies to a municipal ordinance, as to a statute. William Harmon v. The City of Chicago, 140 Ill. 399.

Presumptions are all in favor of the validity of an ordinance. People ex rel. Michael J. Morrison v. DeWitt C. Cregier, Mayor, 138 Ill. 414; William Harmon v. City of Chicago, 140 Ill. 396.

Courts will construe words into an enactment when the same is necessary to make the act valid, and carry out the intention of the act; the objective point in construction being to give effect to the intention of the law-making body. Prince v. The City of Quincy, 105 Ill. 143; People ex rel. v. D. M. Blackwelder et al., 21 Ill. App. 254.

This ordinance should be construed with reference to the intendment of the council at the time of its enactment, and the purposes for which it was passed. St. Louis, J. & C. R. R. Co. v. Trustees, etc., 43 Ill. 303; Zanesseller v. The People, 17 Ill. 101; Michael Gormley et al. v. Gertrude Uthe, 116 Ill. 644.

If it appear that the council, at the time of the enactment of the ordinance in question, intended that it should go into effect at the beginning of the city attorney's succeeding term of office, then it will be construed the same as if it contained words specifically restraining its operation until the expiration of plaintiff's then term of office. A thing within the intention of a statute or ordinance, though not within the letter, is within the statute or ordinance, as the case may be, to all intents and purposes the same as if written therein. Anderson v. C. B. & Q. R. R., 117 Ill. 27; People ex rel. H. H. Beach et al. v. D. M. Blackwelder et al., 21 Ill. App. 254.

If it sufficiently appear that the intendment of said or-

City of Roodhouse v. Johnson.

dinance was that it should take effect from and after the expiration of plaintiff's then term of office, then such restraining clause, although not written within the letter of the ordinance, is still within the ordinance and a part thereof. Cases last above cited, also, Hogg v. the People, etc., 15 Brad. 288; Hanchett v. Webber et al., 17 Brad. 114; Hamilton et al. v. State of Illinois, 102 Ill. 367; Walker v. City of Springfield, 94 Ill. 364; People ex rel. H. H. Beach v. D. M. Blackwelder et al., 21 Ill. App. 254; Prince v. City of Quincy, 105 Ill. 143.

An ordinance is void only so far as it transcends the superior law, if the valid portion may be separated from the void. Donnersberger v. Prendergast et al., 128 Ill. 234; Cooley's Cons. Lim., 177, 178; Town of Middleport v. Ætna Life Ins. Co. et al., 82 Ill. 566; Edwards v. Pope et al., 3 Scam. 464.

An ordinance may exceed the statute and yet be valid to the extent authorized. Town of Greenfield v. Mook, 12 Brad. 281; Kettering v. City of Jacksonville, 50 Ill. 39; The City of Quincy v. Bull et al., 106 Ill. 337.

At the time the ordinance in question was passed, the city had the undisputed right to reduce and fix the salary of the city attorney for the succeeding term; and if, in so doing, the council went beyond its statutory and constitutional powers, and included a period in excess of its authority, still the ordinance should be upheld and enforced to the extent that it is authorized by the superior law. Harbaugh v. City of Monmouth, 74 Ill. 367; City of Keokuk v. Dressell, 47 Iowa 698; City of Chicago v. Quimby, 34 Ill. 274.

APPELLEE's BRIEF, CHARLES A. BARNES, ATTORNEY.

Section 64 of Chapter 24 of the Revised Statutes, entitled Cities, Villages and Towns (the general municipal incorpo ration act), provides "That all ordinances of cities and villages imposing any fine, penalty, imprisonment, or forfeiture, or making any appropriation, shall, within one month after they are passed, be published at least once in a newspaper published in the city or village, and no such ordi-

nance shall take effect until ten days after it is so published. And all other ordinances, orders and resolutions shall take effect from and after their passage unless otherwise provided therein."

When the language of a statute is clear and unambiguous, the courts will not add a provision thereto in the nature of an exception, unless where, to give effect to the language used according to its literal terms, would lead to a gross absurdity or inconsistency, which courts will not attribute to a legislative body. Prince v. City of Quincy, 105 Ill. 138.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This case was tried by the court without a jury upon a stipulation as to the facts, and judgment rendered for plaintiff for $200, being the amount found due for his salary as city attorney.

He held the office from May 1, 1891, for the term of two years, upon a salary fixed by the ordinance then in force at $25 per month. During that term, on February 6, 1893, the city council, at a regular meeting then held, passed an ordinance as follows: "Ordinance No. 53, Section 1. Be it ordained, etc., that the city attorney shall receive five dollars per month, payable monthly. Section 2. All ordinances or parts of ordinances in conflict with section 1 of this ordinance are hereby repealed." Which was approved on the same day and published on the next. In April following, plaintiff was re-elected, for the term commencing May 1, 1893. Up to that date he was regularly paid $25 per month; and thereafter, at the end of each month, was tendered a city warrant, in the usual form, for five dollars, which would have been paid on presentation to the city treasurer, but he refused to accept them, claiming that he was still entitled to $25 per month. These warrants, eight in all, were then in court and at his disposal.

The only question in the case is whether the ordinance of February 6th, passed during plaintiff's first term and diminishing the compensation of such officer, is valid.

It is declared by the constitution that "the fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term" (Art. IX, Sec. 11); and the statute provides that after such compensation has been once fixed by ordinance, it "shall not be increased or diminished to take effect during the term for which any such officer was elected or appointed" (R. S., Ch. 24, Sec. 86).

The validity or invalidity of this ordinance must therefore be determined by the time when it was intended to take effect by diminishing the salary of the officer.

For appellant much argument has been expended and many cases cited for rules of construction to sustain it, such as the presumption of validity and the controlling effect of intention, to be inferred from facts and conditions *dehors* the ordinance, and authorizing the court to strike out or interpolate words where necessary to express and effectuate it.

Appellee insists that these rules apply only where the language of the ordinance is ambiguous, or a literal interpretation would lead to a gross absurdity or inconsistency, as was said in Prince v. The City of Quincy, 105 Ill. 138; that this ordinance is too plain and clear to require or admit of construction, and a literal construction involves no absurdity or inconsistency.

We perceive in it nothing that is at all inconsistent or absurd, and its meaning is absolutely unmistakable, so far as it goes. But upon the question here involved, as to when it was to take effect, that is, to diminish the salary, it says nothing whatever. If that time can be ascertained, it must therefore be by reference to some fact or condition wholly outside of the ordinance itself.

Valid ordinances and statutes take effect from their passage, or from their publication, or from some definite time expressly indicated therein, or by some general law applicable to the particular statute or ordinance, or by construction based on presumptions arising upon external facts or conditions. Usually, where the time is absolutely fixed by some other general provision of law, the ordinance or statute

is silent in regard to it, and takes effect according to such general provision. If the general provision does not absolutely fix it, but by way of exception leaves it to any discretion of the enacting or ordaining body upon conditions stated, the statute or ordinance itself should assert the existence of such condition and fix the time within the limit of the discretion given; and if, without such assertion, it fixes a time other than that prescribed by the rule of the general provision, it is invalid, because in express violation of a controlling and prohibitory law.

But this ordinance, fixing no time for its taking effect, is therefore not in express violation of any law that does, if any such there is, but is subject to it, and to be construed accordingly. Appellee himself therefore looks beyond the ordinance and claims it is subject to Sec. 64 of Ch. 24 of the R. S., which declares that certain ordinances of the character therein described, which do not include the one here in question, "shall not take effect" until ten days after their publication" in the manner therein prescribed, but that "all other ordinances, orders and resolutions shall take effect from and after their passage, unless otherwise provided therein;" and therefore this ordinance, not otherwise providing therein, must take effect, if at all, from and after its passage.

We apprehend that in one sense, and a proper one, an act or ordinance "takes effect" or is "in force" when the legislature has done all it is required to do in order to give it force and effect according to the intention of that body, although it may not operate to accomplish the object intended, from that time, because that may clearly not be the intention of the act or ordinance. The actual accomplishment of that object may depend upon conditions thereafter to arise, as from the voluntary action of parties to be affected, or otherwise. For different reasons, natural or legal, it might not be possible for the act to have that effect immediately upon its passage, and in such case there could be no reasonable presumption that the legislature intended it should. But by its passage they may have done all they

were required to do to give it immediate validity as an expression of the legislative will, and by its own force to have that practical effect at the proper time. An example of this kind was presented in the case of Chamberlain et al. v. The City of Litchfield, decided at this term, and they are quite common in the statute books. In The People v. Reynolds, 5 Gilm. 12, the court said: " All such laws are perfect and complete when they leave the hands of the legislature, although a future event shall determine whether they can take effect or not." See, also, The People v. Solomon, 51 Ill. 37; Guild v. City of Chicago, 82 Id. 472. So it is clear that an act may be complete and perfect as a law, take full effect, in a proper sense, as such, from the time of its passage, and yet not take any, in another sense, for some time thereafter, definite or indefinite, as the nature of the case for its effect in the latter sense may be.

Here the object plainly intended to be accomplished by the ordinance was the reduction of the city attorney's salary. It was plainly in the power of the city council alone and exclusively to accomplish it, and only by an ordinance. It is conceded they might have done it by one " passed " during his term. Of necessity it must be passed during a term, if at all, because there is no interval between terms. But it is said it was not nor could be done by this ordinance, because it did not provide a time for taking effect other than that of its passage, which is therefore by Sec. 64 the only time from which it could take effect, and that is expressly forbidden both by the constitution of the State and that of the city, so that it never did or could take effect at all.

But had the ordinance expressly provided that it should take effect from and after the first day of March or April then next, while it would have fully complied with the terms of that section, it would have been equally bad, and much more clearly so, because in express contravention of those constitutions; and Sec. 64, if it was intended to give any effect to an ordinance so providing, would have been to that extent itself unconstitutional and void; from which it is manifest that unless this ordinance is such an one as

would "take effect," in the sense of those terms as used in that section from and after its passage, notwithstanding the legal impossibility of its operation to reduce the salary from and after that time, it is not within the operation of that section, which in its closing clause must be held to refer only to valid ordinances in respect to which, as to the time of their taking effect, the council has a legal discretion. We are inclined to give it that construction rather than to hold it unconstitutional in its application to this ordinance, as otherwise we must. We are further inclined to think this view somewhat supported by the subsequent section (86) of the statute, which declares, as above quoted, that after the salary has been once fixed by ordinance, "it shall not be increased or diminished to take effect during the term for which any such officer was elected or appointed;" which seems to make or at least to admit of a reasonable construction to make a distinction between the time when the ordinance shall take effect as an existing law, and when it shall begin to operate to increase or diminish the salary of the officer.

If this is not the proper construction, then section 64, so far as it is claimed to affect this ordinance, is to be entirely disregarded as unconstitutional. The ordinance being entirely silent as to when it shall take effect in any sense, does not in terms conflict with the constitution or any statute relating to it, but may be construed and given effect in entire consistency with them, although it does not itself expressly re-enact them. We hold that such re-enactment was not necessary to its validity, any more than in the statutes subject to it, is that of the constitution declaring what acts shall not take effect before the first day of July next after their passage. (Art. IV, Sec. 13.) That general provision operates, in the silence of these acts upon that question, just as if it were incorporated in them. So here, the constitutional and statutory provisions that no ordinance shall take effect to increase or diminish the compensation of the municipal officers indicated, during their term, being *in pari materia*, are to be considered in the construc-

City of Roodhouse v. Johnson.

tion of the ordinance, and in case of its silence, given their controlling effect.

That such was the intention of the city council in this case is put beyond a doubt by the admitted fact that appellee was paid, without question, for the months of February, March and April after the passage of the ordinance, the salary fixed by the one previously and then in force; and he is fairly chargeable with notice, before he was re-elected or became a candidate for re-election, of the intended change in the compensation.

For these reasons the judgment will be reversed and the cause remanded.