## Schulenburg & Boeckler Lumber Company v. City of East St. Louis.

1. CITIES AND VILLAGES—*When Not Liable in Trover.*—A city is not liable in trover to the holder of its warrants, issued without authority, and to pay a debt which it could not legally contract by reason of the constitutional inhibition, because its treasurer, having collected a tax pledged to the payment of such warrants, has diverted it to other purposes.

2. SAME—*Holder of Warrants—Remedy.*—When a person accepts the warrants of a city for material furnished, and looks to the treasurer for their payment out of certain taxes, and discharges the city from further liability, if the treasurer diverts the money arising from the collection of such taxes to other purposes, the remedy of the holder of the

warrants is against the treasurer and his sureties, and not against the city.

3. SAME—*Constitutional Limit—Indebtedness.*— Where a city has issued evidences of indebtedness against it, after having reached the constitutional limit, in violation of the constitution and the law, such evidences are void and a tax levied to pay the same is illegal.

4. MUNICIPAL INDEBTEDNESS—*Who Bound to take Notice of.*—A party dealing with a municipal corporation is bound to ascertain at his peril whether the municipality has not already reached its constitutional limit of indebtedness, and if he does not, and the limit has been reached, he can not enforce the evidences given to secure him.

**Trover.**—Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

FRANKLIN A. McCONAUGHY and GEORGE C. REBHAN, attorneys for appellant, and with them Mr. RUDOLPH SCHULENBURG.

W. H. BENNETT, city attorney, for appellee; B. H. CANBY, of counsel.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was a suit in trover brought by appellant against appellee to recover the amount evidenced by two warrants issued by the city in payment for certain lumber it had bought of appellant in 1884. One warrant was for $2,190.40, dated March 5, 1894, payable from the taxes of 1883, appropriated and levied for the engineer fund when collected by the city treasurer. The other warrant is dated April 26, 1884, for $2,396.10, payable in like manner. By the terms of each warrant, the taxes to be collected for this fund are especially set apart and pledged to the payment of the respective amounts of said warrants. The amount of taxes appropriated and levied for the engineer fund was paid over to the city treasurer, J. M. Sullivan, in 1884, but no demand was ever made on him, by or on behalf of appellant, for the payment of these warrants, or either of them. The cause was tried by the court by agreement, the finding

216    Appellate Courts of Illinois.

Vol. 63.] Schulenburg & Boeckler Lumber Co. v. E. St. Louis.

and judgment were for defendant, and plaintiff took this appeal. The theory of appellant is that the city was guilty of a tort, because the warrants having been drawn against a fund specially set apart and pledged to the payment of them, and the taxes having been collected for such fund and paid to the city treasurer from the tax of 1883, and the warrants not having been paid therefrom, and said fund having been used to pay other expenses of the city, and being no longer in the treasury therefore there has been a conversion of the money by the city and it is guilty of the trover as charged. This contention is not warranted by the facts and the law applicable thereto. The city, at the time it purchased the lumber, and issued the warrants, in 1884, and for more than a year prior thereto, had been and was indebted in excess of the limit imposed by Sec. 12 of Article 9 of the Constitution. Where a city has issued evidences of indebtedness against it after having reached the constitutional limit, in violation of the constitution and the law, such evidences are void and a tax levied to pay the same is illegal and can not be collected. A party loaning a city money is bound to ascertain at his peril whether the city has not already reached its limit, and if he does not, and the city has reached its limit, he can not enforce payment of such evidences given him to secure the loan. When the city has reached its constitutional limit of indebtedness, the following qualifications apply to further appropriations: First, the tax appropriated must, at the time, be actually levied; and second, by the legal effect of the contract between the corporation and the individual made at the time of the appropriation and issuing and accepting an order on the treasury for its payment when the taxes are collected, it must operate to prevent any liability on the contract against the corporation. Law et al. v. People, 87 Ill. 385; City of Springfield v. Edwards, 84 Ill. 626.

Appellant, however, took the warrants before mentioned in full payment for the lumber, and by these warrants the city agreed with appellant that it had levied a tax then being collected, and that it thereby pledged and set apart the

tax appropriated to the engineer fund to the payment of the warrants, and agreed that that tax, when collected, should be paid to the plaintiff for these warrants by the treasurer. It is not claimed that the city became indebted by reason of, or that a recovery could be maintained in a suit upon, these warrants; but it is said the treasurer collected that tax, and diverted it from the purpose from which it was pledged by the warrants, and paid it out for other municipal purposes, and for such violation of the contract the city became liable in an action of trover to pay a debt which it could not contract by reason of the constitutional provision at the time the warrants were issued. If such is held to be the law, an easy method is furnished to do the mischief which the constitutional inhibition was designed to prevent. For any failure of the proper officers to collect and pay off taxes in accordance with the appropriations, the remedy must be against the officer, and not against the corporation. City of Springfield v. Edwards, *supra;* East St. Louis v. Flannigan, 26 Ill. App. 449. And a municipal corporation is not liable in tort, when the alleged tort arises from a breach of the contract, which is void by prohibition of the constitution. Prince v. City of Quincy, 28 Ill. App. 490. In Prince v. City of Quincy, 128 Ill. 443, it was held that, although the action was in case, and the ground for recovery was an alleged tort for the refusal of the council to pay any indebtedness contracted directly in the face of the constitutional prohibition, and sought to recover as damages the size and amount of that indebtedness, " that the contract for credit voluntarily made without fraud on the part of the council, or ignorance of any material fact on the part of the appellant, estops him to charge that the failure to pay, or make provision for payment, was a wrong," and it is said also, it is sought by his action to avoid the decision in the cases of Prince v. City of Quincy, 105 Ill. 138, 215.

We hold in this case the appellant accepted the warrants, and the city incurred no indebtedness by reason of them, but appellant looked for payment at the hands of the treasurer,

out of the tax mentioned, and discharged the city from all further liability for the lumber furnished; that the remedy of appellant is not against the city, but against the said treasurer and his sureties, and that the finding and judgment of the trial court for the defendant is justified by the facts, and is in accordance with the law. The judgment is affirmed.