### THE BOARD OF EDUCATION

*v.*

### JAMES BOLTON.

*Filed at Ottawa September 27, 1882.*

1. APPEAL—*reviewing the facts.*  In an ordinary action of debt upon municipal bonds, a finding of the trial court of the facts necessary to the validity of such bonds, when affirmed by the Appellate Court, is binding on this court, and can not be reviewed by it.

2. MUNICIPAL INDEBTEDNESS—*constitutional limitation.*  The constitutional provision prohibiting municipalities from incurring any debt without first making provision for its payment, does not apply to a case where the authority to create the indebtedness was legally conferred by a proper vote before the adoption of the present constitution.  Such provision does not affect or impair a prior authority given when there was no prohibition.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county ; the Hon. SIDNEY SMITH, Judge, presiding.

This is an action of debt, by James Bolton, against the Board of Education of District No. 3, town 37, range 11, in Cook county, upon four bonds, executed by the directors of said district, for $500 each, and payable to A. H. Andrews & Co., by whom they were indorsed to the plaintiff.  Each of said bonds contained the following recital:  "For money borrowed for the purpose of building a school house, according to the instructions of the voters of said district expressed by a vote, as prescribed by an act of the legislature of the State of Illinois, approved February 16, 1865, by virtue of which act this bond is issued."

The constitution of 1870, art. 9, sec. 12, prohibits the incurring of any debt by a municipality without first making provision for payment of the same by the levy of an annual tax; but the vote was had before the adoption of this constitutional provision, although the bonds were issued after its adoption.

A trial was had, resulting in a judgment for the plaintiff for the amount due upon the bonds, and this judgment was affirmed by the Appellate Court.

Mr. H. C. IRISH, for the appellant:

The power to borrow money or issue bonds is not one of the general powers possessed by a school district. This power can only be exercised by virtue of a vote of the electors of the district, expressed in a manner provided by the statute. Rev. Stat. 1874, 962, sec. 47; Gross' Stat. 697, sec. 47; *School Directors* v. *Miller*, 54 Ill. 338; *School Directors* v. *Taylor*, 54 id. 289; *School Directors* v. *Sippy*, 54 id. 287; *School Directors* v. *Fogleman*, 76 id. 189; *People* v. *Thatcher*, 93 id. 240; *Hewitt* v. *Board of Education*, 94 id. 528.

The statute granting this power must receive a strict construction. 1 Dillon on Municipal Corp. 175; *Minturn* v. *Larue*, 23 How. 435; *School Directors* v. *Taylor*, 54 Ill. 289; *School Directors* v. *Parks*, 85 id. 338.

The directors must be authorized by a vote taken at a meeting duly called and held according to law. Gross' Stat. 697, sec. 47.

Again, the constitution prohibited the incurring of any such debt without first making provision for payment of the same by the levy of an annual tax. Art. 9, sec. 12; *Law* v. *People*, 87 Ill. 385.

Whoever deals in municipal bonds is chargeable with knowledge whether the precedent conditions to the existence of the power of making the subscriptions and issuing the bonds have been complied with. *Williams* v. *Town of Roberts*, 88 Ill. 11; *Hewitt* v. *Board of Education*, 94 id. 528; *People* v. *Town of Laenna*, 92 id. 24; *Bissell* v. *Kankakee*, 64 id. 248; *Marshall County* v. *Cook*, 38 id. 48; *People* v. *Supervisors of Logan County*, 63 id. 384; *Harding* v. *Rockford, Rock Island and St. Louis R. R. Co.* 65 id. 90; *Floyd's Acceptances*, 7 Wall. 666; 1 Dillon on Municipal Corp. 513.

Mr. B. D. MAGRUDER, for the appellee:

The election was properly proved by oral testimony. *Maxcy v. Williamson County,* 72 Ill. 207.

The recitals in the bonds are *prima facie* evidence of the holding of the election, and other facts therein appearing. *Board of Education* v. *Taft,* 7 Bradw. 571.

The vote for the issue of the bonds having been taken before the adoption of the present constitution, they were properly admissible in evidence without proof of the vote authorizing it.    *Board of Education* v. *Taft,* 7 Bradw. 571.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action by appellee, against appellant, brought upon four bonds, dated November 2, 1870, executed by the directors of school district No. 3, in township 37, range 11, in Cook county, each for $500, payable November 2, 1874, with interest at the rate of ten per cent per annum from date.    Each of the bonds purports to be issued "for money borrowed for the purpose of building a school house, according to the instructions of the voters of said district expressed by a vote, as prescribed by an act    *    *    *    entitled 'An act to amend the school law,' approved February 16, 1865," and each bond purports to be issued by virtue of that act. These bonds were payable to A. H. Andrews & Co., or order, and assigned by the payees to the plaintiff.

On the trial proof was given tending to show that an election was held about the year 1867, at which the majority of the voters voted authority to build a school house, and to borrow money for that purpose. The record of the proceeding is lost.    The testimony as to the real extent of the authority voted is not in harmony.    The trial court found that the proceedings required by law were shown by the proofs.    This finding was affirmed by the Appellate Court. This finding, under the law, we can not review.

The statute authorized the borrowing, for that purpose, upon the vote mentioned therein. The section 12, article 9, of the constitution, did not impair the authority given. Whether the bonds were valid or not, depended upon questions of fact. The facts found in this case show the bonds to be valid. It is insisted these bonds were given for furniture, and not for money to build a school house. That was a question of fact. The findings of the Appellate Court are against appellant on that question, as well as on the question of the election. These findings are conclusive.

No ground being shown for the reversal of the judgment of the Appellate Court on any question which we are at liberty to consider, the judgment must be affirmed.

*Judgment affirmed.*