WILDER *v.* BOARD OF COUNTY COM'RS RIO GRANDE COUNTY.

*(Circuit Court, D. Colorado. February 24, 1890.)*

1. COUNTIES—INDEBTEDNESS—CONSTITUTIONAL LIMIT—PLEADING.
   In an action against a county on warrants given in satisfaction of a judgment, an answer which alleges that at the time the judgment was rendered the county debt exceeded the constitutional limit, without stating that such debt exceeded the limit at the time of making the contract on which the judgment was rendered, is demurrable.

2. SAME—JUDGMENT—EFFECT,
   A judgment against a county is not conclusive as to the legality of the debt on which it was rendered, where it does not appear that the question of the legality of the debt was put in issue by the pleadings.

At Law. On demurrer to answer.

*J. L. Jerome,* for plaintiff.

*Ira J. Bloomfield* and *D. J. Burns,* for defendant.

HALLETT, J. This is an action to recover the sum of 15 county warrants issued by the defendant in payment of certain judgments. Section. 527, Gen. St. Colo., provides that, upon a judgment against a board of county commissioners, no execution shall be issued, but the

same shall be collected by a tax; and then there is the following proviso: "That nothing in this section shall prohibit the county commissioners from paying such judgment by a warrant upon the county treasury." The warrants upon which this suit is founded were issued under this section, and probably they are of the same force and effect as the judgments to which they refer. Defendant answers:

"That at the time of the rendition of the said several judgments in the complaint specified, and the issuance of the warrants herein sued upon, in part payment of the same, the aggregate amount of the indebtedness of the said Rio Grande county for all purposes, exclusive of the debts contracted prior to the adoption of the present constitution of the state of Colorado, exceeded six dollars for each one thousand dollars of assessed valuation of the taxable property of said county; and that the question of incurring such indebtedness, or of any indebtedness whatever, on the part of said county, had at no time prior to the rendition of said several judgments, or to the issuance of the said warrants in payment thereof, been submitted to the qualified electors of said county at a general election, or at any election, or in any manner whatsoever; nor was the said indebtedness upon which the said several judgments were based, for which the warrants sued upon were issued in part payment, or any part thereof, contracted for the purpose of erecting necessary public buildings, or for making or repairing public roads or bridges."

And plaintiff demurs to the answer on the ground that defendant is concluded of any such defense by the judgments upon which the warrants were issued.

In the *Lake County Cases*, 130 U. S. 662, 674, 9 Sup. Ct. Rep. 651, 654, the supreme court held that section 6, art. 11, of the state constitution, is a limitation of the powers of the legislature and of the counties in the state to create indebtedness in excess of the amounts therein specified, and all debts and contracts over and above the amount therein mentioned are void. The answer seems to proceed upon the assumption that the date of the judgments, or of the warrants on which the suit is founded, is to be taken as the time of contracting the indebtedness, within the meaning of the constitution. This is clearly wrong. In civil actions on contract, the contract necessarily precedes the judgment; and the question under the constitution is whether, at the time of making the contract, the indebtedness of the county exceeded the constitutional limit  That question is not presented by this answer. The answer should refer to the county's financial condition at the time when the indebtedness was contracted for which the judgments were obtained.

If, however, the indebtedness of the county was in excess of the constitutional limit when the judgment debts were originally contracted, plaintiff maintains that the county is none the less concluded by the judgments; and this is a matter of great difficulty. When the constitutional limit has been reached, the county has no further capacity to make contracts out of which additional burdens may arise. As to such contracts, it may be said that the county has no existence; and the disability extends to all forms of action, whether by parol, by deed, by confession of judgment, or any other device. As to natural persons un-

der disability, such as married women, infants, and persons *non compos*, the rule is not uniform, (*Bank* v. *Partee*, 99 U. S. 325); but, in general, it may be true that the capacity of all such persons to make a contract is fully determined by the judgment of a court of competent jurisdiction upon such contract. In the case of a municipal corporation acting in a representative capacity, with limited powers, a different rule may obtain, for reasons which it is not now necessary to consider at length. In *Brownsville* v. *Loague*, 129 U. S. 493, 9 Sup. Ct. Rep. 327, where the act authorizing a tax to pay the bonds had been repealed, and the bonds were void, the remedy by *mandamus* was denied. Under the authority of that decision, when no issue has been made as to the capacity of the county to contract the indebtedness, it seems to be doubtful whether a judgment against a county on a void obligation can be enforced in any form. When in the pleadings the capacity of the county to contract the indebtedness is put in issue, the judgment is conclusive. *Harshman* v. *Knox Co.*, 122 U. S. 306, 7 Sup. Ct. Rep. 1171. As to that, however, the answer contains nothing concerning the judgments on which the warrants were issued, and therefore we are unable to decide; and, indeed, in this answer we have only to consider whether the judgments against the county, without reference to the pleadings or proceedings in the several causes in which they were entered, shall be taken to preclude the county from saying that the indetedness now represented by the warrants in suit was void under the constitution. In my opinion, the judgments referred to in the warrants in suit have not that effect *ex vi termini*, and so as under all circumstances to forbid inquiry as to the capacity of the county to contract the debts. This answer, however, is defective in not showing the origin of the indebtedness for which the judgments were entered, and in not showing whether the indebtedness of the county was then in excess of the constitutional limit, and also in not showing something of the record on which each of the several judgments is founded. For these reasons the demurrer will be sustained.