(75 N. W. Rep. 775.)

---

### HIRAM S. DARLING *vs.* JOHN C. TAYLOR.

Opinion filed June 3rd, 1898.

**Constitutional Debt Limit—Anticipating Taxes Levied.**

> Warrants on a county treasurer issued by the county auditor for the current expenses of the county, such as sheriff's fees, after the constitutional limit of indebtedness has been reached, but in anticipation of the collection of a tax already levied, are valid to the extent of taxes levied. Such warrants do not augment the existing indebtedness of the county, within the meaning of the constitution of the state. Construing sections 183, 187, State Constitution.

Appeal from District Court, Kidder County; *Winchester,* J.

Proceeding by Hiram S. Darling against John C. Taylor, auditor of Kidder County, for a mandamus to compel the issuance of a county warrant. From an order allowing the mandamus, defendant appeals.

Affirmed.

*Edward S. Allen,* for appellant.

The amount of bonds and warrants of Kidder County outstanding and unpaid exceeds five per centum of the assessed value of the taxable property therein. Therefore further indebtedness cannot be contracted. Article 12, § 183, Const., § 187, Const.; *Lake County.* v. *Rollins,* 130 U. S. 662; *Doon Tp.* v. *Cumming,* 142 U. S. 366; *Litchfield* v. *Ballou,* 114 U. S. 190; *Law* v. *Peo.,* 87 Ill. 385; *Fuller* v. *Chicago,* 89 Ill. 282; *Peo.* v. *May,* 10 Pac. Rep. 641; *Soule* v. *City,* 33 Pac. Rep. 384; *Sackett* v. *City,* 88 Ind. 473; *McPherson* v. *Foster Bros.,* 43 Ia. 48; *Scott* v. *Davenport,* 34 Ia. 208; *Spilman* v. *Parkesburg,* 35 W. Va. 605; *Birkholz* v. *Dinnie,* 6 N. D. 511, 72 N. W. Rep. 931.

*Charles H. Stanley,* for respondent.

A tax has been levied to create the fund against which this warrant is to issue. This does not constitute a debt within the meaning of the constitution. *In re* State Warrants, 6 S. D. 518, 62 N. W. Rep. 101. So long as the warrants issued are within the amounts lawfully levied, they do not create an additional debt. To render such warrants invalid it must appear affirmatively that no tax had been provided for their payment, when the warrants were issued. *Western Town Lot Co.* v. *Lane,* 62 N. W. Rep. 982; *Shannon* v. *City of Huron,* 69 N. W. Rep. 598; *Lawrence County* v. *Mead Co.,* 72 N. W. Rep. 405; *Ranch* v. *Chapman,* 16 Wash. 568.

WALLIN, J. The record in this proceeding embraces the following facts: That plaintiff is the sheriff of Kidder County, and defendant is the auditor of said county. On the 7th day of February, 1898, the County of Kidder was indebted to the plaintiff in the aggregate sum of $87.25, on account of fees for official

services rendered within a period of 90 days next preceeding said date. On said date the plaintiff in due form presented a bill containing an itemized statement of said fees and services to the commissioners of said county for allowance; whereupon said commissioners examined, audited, and allowed said bill, and the whole thereof, and directed the defendant to draw a warrant upon the county treasurer of said county for the amount of said bill. Subsequently, and before the commencement of this proceeding, the plaintiff duly demanded of the defendant that he (the defendant) should make out a county warrant in the usual form of county warrants, for the amount of said bill, in favor of the plaintiff, and deliver the same to the plaintiff; which demand was refused, and the defendant still refuses to .comply with said demand. The plaintiff instituted this proceeding in the District Court. The facts, as above narrated, were expressly admitted to be true by the defendant's answer to the complaint. The only defense set out in the answer consists of the affirmative statement that "the amount of bonds and warrants of said county now outstanding and unpaid is equal to and exceeds five per centum of the assessed value of the taxable property of said county as fixed by the state board of equalization in the year 1897." This statement in the answer is conceded to be true, and the only question presented to the trial court or to this court is whether, upon this state of facts, the refusal of the defendant to issue and certify to said warrant is legally justifiable.

It is expressly admitted that the annual tax levy for Kidder County was regularly made on the 7th day of July, 1897, and that the amount of said warrant, if drawn, would not, with other warrants drawn since said date, equal the amount of such levy. A solution of the question we are required to determine involves the construction of certain provisions of the state constitution. Section 183 provides that the debt of a county shall never exceed "five per centum of the assessed value of the taxable property therein;" and section 187 provides that "no bond or evidence of debt of any county * * * shall be valid unless

the same have indorsed thereon a certificate signed by the county auditor, or other officer authorized by law to sign such certificate, stating that said bond or evidence of debt, is issued pursuant to law and is within the debt limit."

In the application of these provisions of the organic law to the facts in this record we are confronted with two questions, namely:

First. Has the indebtedness of the county already reached and passed the constitutional limit? Second. Would the warrant in question, if issued, augment the indebtedness of the county, within the meaning of the constitutional inhibition?

The first of these questions is answered in the affirmative by the conceded facts in the record. The limit of indebtedness has been already reached in Kidder County.

Referring to the remaining question, it would seem at first blush that, if the county auditor should issue an additional warrant upon the treasurer, the same would necessarily augment the outstanding indebtedness of the county. But would this conclusion be true, within the meaning of the constitutional restriction upon county indebtedness? There is considerable authority, at least, which requires this query to be answered in the negative. The Supreme Court of Iowa has said: "This right to thus apply the current revenues to the defraying of ordinary expenses is grounded upon the fact that such a course is absolutely necessary to the life of the municipality and the successful accomplishment of the purposes of its creation. * * * And, if the appropriation was made in advance of the receipt of the revenues, the action would be just as legitimate, because that the revenues will be received is a legal certainty." The court further says: "The right of the city to thus apply its revenues nothwithstanding its indebtedness is a part of the well settled and expressly adjudicated law of the state." *Grant* v. *City of Davenport*, 36 Iowa, 396, and cases cited. In *Spilman* v. *City of Parksburg*, 35 W. Va. 605, 14 S. E. Rep. 279, referring to a constitutional restriction upon municipal indebtedness similar to that of this state, the court uses this language: "If it is an item of

current expenses or anything else for the payment of which provision has already been made by levy laid, then it needs no other provision for its payment, and is not within the letter of the constitution. Neither is it within its true meaning, for a draft on a fund already in hand, or by levy already made and provided, meets it and discharges it, so that no indebtedness arises." The precise question presented in this case has been repeatedly decided in South Dakota in harmony with the principle laid down in the cases cited. In *Lawrence Co.* v. *Meade Co.*, (S. D.) 72 N. W. Rep. 405, referring to an act of congress which placed a restriction upon the indebtedness of territorial counties, the court say: "Nor did it prevent a county, whose indebtedness exceeded the four per cent. limit when such an act was approved, from levying such taxes as it was authorized by law to levy, and issuing its warrants within the limits of such levy, in anticipation of their collection. If the warrants issued were within the amounts lawfully levied, they did not increase the municipal indebtedness, within the meaning of such act. Unless it affirmatively appears that the warrants issued in any year exceed in amount the levy for such year, they must be regarded as lawful claims against the county." This language was used by the court with respect to county warrants which were issued after the county had reached the legal maximum of county indebtedness, and said warrants were declared to be valid nevertheless. The court cites in support of its views *Shannon* v. *City of Huron*, (S. D.) 69 N. W. Rep. 598. *In re* State Warrants, (S. D.) 62 N. W. Rep. 101, the court announces the same rule of construction in its opinion touching the constitutionality of a statute of South Dakota whereby certain state officials were expressly authorized to issue and sell state warrants to be drawn upon the assessed but uncollected revenues of the state, and the proceeds of which were to be applied to the discharge of necessary current expenses of the state. In the course of its opinion in the case last cited the court uses this language: "It being once established, as we think it is, by the authorities already cited, that the revenues of

the state assessed, and in process of collection, may be considered as constructively in the treasury, they may be appropriated and treated as though actually and physically there; and an appropriation of them by the legislature does not constitute the incurring of an indebtedness, within the meaning of Constitution, Article 13, Section 2." This case cites *State* v. *Parkinson*, 5 Nev. 15. We are aware that a different and more rigid rule of construction has been adopted in some of the adjudicated cases. See *Prince* v. *City of Quincy*, 105 Ill. 138. We fully appreciate the fact that the more liberal rule adopted in the line of cases first above cited, in its practical operation, may be attended by some embarrassments; but, if no more warrants are ever drawn against an existing tax levy than the aggregate amount of such levy, the corporate indebtedness will not be increased by issuing such warrants, except in cases of a partial or total failure to collect the taxes actually levied. In legal theory, this failure never occurs, and if in fact there should, in an exceptional instance, be a deficit occasioned by such failure, the same could lawfully be met and extinguished by an additional levy of taxes for that purpose. The constitutional limit does not at all abridge the right to levy taxes. Under the rule of construction which we have concluded to adopt as controlling this case, the indebtedness of Kidder County will not be augmented by issuing the warrant in question, and thereby anticipating the collection of existing tax levies to the amount of such warrant.

The order appealed from will therefore be affirmed. All the judges concurring.