BOARD OF COMMISSIONERS OF CUSTER COUNTY v. GUSTAVUS
DE LANA.

(Filed Feb. 11, 1899.)

1. MUNICIPALITIES—*Officers—Obligations.* The law presumes that, when the officers of a municipality issue their obligations, such obligations are issued for lawful corporate purposes, and that they acted within the scope of their powers.

2. MUNICIPAL INDEBTEDNESS — *Limitation — Burden of Proof.* Where a municipality seeks to avoid the payment of its obligations on the

ground that at the time the debts were incurred and the obligations issued, the municipality was indebted beyond the federal limit, the burden of proof is upon the municipality to establish such facts.

3. CASE-MADE—*Appeal—Review.* Where it appears from the issues joined in the case that the general findings of the court and the conclusions of law thereon depended upon the evidence introduced upon the trial of the cause, and the case-made fails to show that it contains all the evidence introduced and offered, we cannot say that the court committed prejudicial error in its findings of fact and conclusions of law thereon.

4. SAME—*Rule Followed.* The record in this case examined, and *held,* that this case comes clearly within the rule laid down in the case of *Board v. Hubble,* this volume, p. 169, and *Board v. Wright,* this volume, p. 190, and authorities there cited.
   (Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*John F. Stone,* for plaintiff in error.

*John I. Dille, C. O. Blake* and *E. E. Blake,* for defendant in error.

Action by Gustavus De Lana against the board of county commissioners of Custer county. Judgment for plaintiff. Defendant brings error. Affirmed.

Opinion of the court by

HAINER, J.: This was an action brought in the district court of Custer county by the defendant in error, plaintiff in the court below, against the board of county commissioners of Custer county, to recover a judgment against said county for the sum of $1,200, and interest thereon on certain county warrants. The county pleaded as a defense to the action that it was indebted beyond the federal limit at the time the indebtedness was in-

curred and warrants were issued. To the answer of the defendant, the plaintiff filed a reply containing a general denial. Upon the issues thus joined, the case was tried by the court on change of venue in Canadian county by agreement of the parties. It appears from the record that judgment was rendered in favor of the plaintiff and against the defendant for the sum of $935.22 and costs of the action. To which ruling of the court, the defendant duly excepted. A motion for a new trial was considered filed, and overruled by the court, to which ruling the defendant excepted at the time, and brings the cause here on a case-made to be reviewed by this court.

It is a well settled principle of law in this class of cases that it is presumed that, where the officers of a municipality issue their obligations, such obligations are issued for lawful corporate purposes, and that they acted clearly within the scope of their powers. It is also a well-settled principle of law governing this class of cases that where a municipality seeks to avoid the payment of its obligations on the ground that, at the time the debts were incurred and the obligations issued, the municipality was indebted beyond the constitutional or federal limit, the burden of proof is upon the municipality to establish such facts. Hence, upon the issues thus joined in this case, the general findings of the court and conclusions of law thereon depended upon the evidence introduced upon the trial of the cause; and, as the case-made fails to show that it contains all the evidence introduced and offered upon the trial of the cause, we cannot say, in the absence of a complete record, that the court committed prejudicial error in its findings of fact and conclusions of law thereon. In other words, we are

unable to review the errors assigned by the plaintiff in error in this court.

This case comes clearly within the rule laid down in the case of *Board v. Hubble,* this volume, p. 169, 56 Pac. 1058, and authorities there cited. The judgment of the district court is therefore affirmed.

Tarsney, J., having presided in the court below, and Burford, C. J., having been of counsel, not sitting; all of the other Justices concurring.