## M. H. JOHNSON v. THE BOARD OF COUNTY COMMISSIONERS OF PAWNEE COUNTY.

(Filed Feb. 11, 1899.)

1. COUNTY INDEBTEDNESS—*Limitation—Burden of Proof.* In an action by the owner and holder of county warrants, where the only defense relied upon to defeat the payment of the warrants is that the county was indebted beyond the federal limit, it is only necessary for the plaintiff, in order to make a *prima facie* case, to introduce the warrants, prop.rly executed, and to prove that he is the owner and holder thereof. The burden of proof is then upon the county to clearly establish by competent evidence that, at the time the debt was created for which the warrants were issued, the county had exhausted its debt-creating power, by reason of the federal inhibition.

2. COUNTY WARRANTS—*Evidence.* A county warrant is, as a rule, issued as an evidence of a pre-existing debt, and no presumption of law obtains that an indebtedness for which the county warrant is issued did not exist at a date prior to that of the warrant. Hence the aggregate amount of existing indeb edness at the time the debts were actually created must be established by competent evidence, and not at the date of the issuance of the warrants, which are merely the evidences of such indebtedness.

3. SPECIAL FINDINGS OF FACT. Where a special finding of fact by the court does not show when the indebtedness was created for which the warrants were issued but does show that at the time the warrants were issued the indebtedness of the county was beyond the federal limit, such finding is insufficient to establish the invalidity of the warrants.

4. INDEBTEDNESS—Limitation—Current Expenses—Valid Warrants. Notwithstanding the fact that the indebtedness of the county has reached the federal limit, warrants issued for meeting the current expenses of the county, and in anticipation of the collection of taxes already levied, are valid obligations, to the extent of the amount of the taxes so levied and collectible; and the issuance of such warrants does not increase the amount of the existing indebtedness of the county, within the meaning of the federal limitation. And, to render such warrants invalid, it must affirmatively appear that no taxes had been provided for their payment when the warrants were issued.

5. SAME—How Ascertained. In ascertaining the amount of the existing indebtedness of the county, the amount of cash in the treasury, and other available assets and resources which may be readily converted into cash, must be deducted from its total outstanding indebtedness; and, in the absence of any proof to that effect, the court cannot assume that there was no cash in the treasury, or other available assets, to liquidate the indebtedness incurred, or which would reduce the aggregate amount of the indebtedness of the county below the federal limit.

(Syllabus by the Court.)

Error from the Probate Court of Pawnee County; before James P. Neal, Probate Judge.

John D. DeBois and Cotteral & Hornor, for plaintiff in error.

C. A. Houston, W. L. Eagleton and B. W. Morphis, for defendant in error.

Action by M. H. Johnson against the board of county commissioners of Pawnee county. Judgment for defendant, and plaintiff brings error. Reversed.

Opinion of the court by

HAINER, J.: This was an action brought in the pro-

bate court of Pawnee county by the plaintiff in error against the board of county commissioners of Pawnee county to recover a judgment for $770.50 upon nine county warrants. The defense relied upon by the county to defeat the payment of the warrants sued upon was that at the time said warrants were issued the indebtedness of the county was beyond the federal limit. After the issues were joined, the cause was tried by the court, a jury having been waived by both parties. The court, at the request of the plaintiff, made the following special findings of fact: (1) "That the first assessment made in Pawnee county, Oklahoma Territory, for county and territorial taxes, was completed prior to July 19, 1894. (2) That the amount of the said first assessment made prior to July 19, 1894, for county and territorial taxes in Pawnee county, Oklahoma Territory, was $226,315. (3) That at the time warrants numbered 522, 523, 524, 525, 526, 569, 577, 657, and 810, set out in plaintiff's petition, were issued the total amount of existing valid indebtedness of said county was $9,052.60 and over; that said warrants were issued on and prior to January 26, 1895; that the amount of the assessment of the property of said county for county and territorial taxes last preceding the date said warrants were issued is 2226,315." And as a conclusion of law thereon the court held that the warrants were issued in excess of the 4 per cent. federal limit, and were therefore void. Judgment was accordingly entered in favor of the defendant, the county, for the costs of the action. The court found that, at the time the warrants sued on were issued, the county had reached and passed the federal limit, and therefore had exhausted its debt-creating power.

A county warrant is *prima facie* evidence of the validity of the claim for which it was issued.  Hence, in an action by the owner and holder of county warrants, where the only defense relied upon to defeat the payment of the warrants is that the county was indebted beyond the federal limit, it is only necessary for the plaintiff, in order to make a *prima facie* case, to introduce the warrants, properly executed, and to prove that he is the owner and holder thereof.  The burden of proof is then upon the county to clearly establish by competent evidence that, at the time the debt was created for which the warrants were issued, the county had exhausted its debt-creating power, by reason of the federal inhibition.  It is not a sufficient defense, in an action involving the validity of county warrants, that at the date the warrants were issued the county was indebted beyond the federal limit.  But it devolves upon the county to plead, and clearly establish by competent evidence, the following facts:    (1) That at the time the debts were created the county had reached or passed the federal limit:  (2) that the warrants were not issued for current expenses, and in anticipation of the collection of taxes already levied for such year;  (3) the amount of cash in the treasury, or other available assets, at the time the indebtedness was incurred.

The warrants sued on in this action were issued during the months of October and November, 1894, and January, 1895.  These warrants show that they were issued for services rendered by the sheriff and probate judge, for boarding prisoners, and for printing, and supplies furnished to the county.  These warrants then were simply evidences of an antecedent debt.  The findings of fact

by the court do not show when these debts for which the warrants were issued were created. A county warrant is, as a rule, issued as an evidence of a pre-existing debt, and no presumption of law obtains that an indebtedness for which a warrant is issued did not exist at a date prior to that of the warrant. Hence, a county may be indebted beyond the federal limit at the time the warrant was issued, but within the limit of its debt-creating power at the time the liability was created. In other words, the aggregate amount of existing indebtedness at the time the debts were actually created must be established by competent evidence, and not at the date of the issuance of the warrants, which are merely the evidences of such indebtedness. (*Rollins v. Board*, 33 C. C. A. 181, 90 Fed. 575; *Town-Lot Co. v. Lane*, [S. D.] 65 N. W. 17; *Board v. Standley*, [Colo. Sup.] 49 Pac. 23; *People v. Board of Com'rs of Rio Grande Co.*, [Colo. App.] 52 Pac. 748; *Wilder v. Board*, 41 Fed. 512.)

In *Rollins v. Board*, Judge Shiras said: "In support of the defense relied upon it was also incumbent on the defendant to prove the date of the creation of the indebtedness evidenced by the several warrants sued on, as that was a necessary step in ascertaining whether the indebtedness, when created, exceeded the constitutional limit. * * There is no presumption of law that an indebtedness for which a county warrant is issued did not exist at a date prior to that of the warrant, and, as a matter of fact, it is well known that, as a rule, warrants are issued as evidence of a pre-existing indebtedness; and, therefore the court was not justified in assuming that the indebtedness was created at the date of the warrant, simply because the defendant was unable to show when the debt was created."

In *Town-Lot Co. v. Lane,* the court said: "A finding that, when a certain warrant was issued, the city had exceeded the constitutional limit of indebtedness, does not show that such limit was reached when the indebtedness was incurrred for which the warrant was issued, and does not establish the invalidity of such warrant."

In this case the special findings of the court do not establish the fact that at the time the debts were created, as evidenced by the warrants sued o_ in this action, the aggregate amount of the existing indebtedness of the county was not in excess of the federal limit. It will therefore be presumed that, as a matter of law, the federal limit had not been reached at the time the debts were created, and therefore they were valid obligations.

There is no finding of fact by the court, or evidence offered upon which such a finding could be based, on behalf of the defendant in this action, that the warrants were not issued by the county for meeting the current expenses, and in anticipation of the taxes already levied for the fiscal year. It was incumbent upon the county to establish by competent evidence that the warrants were not issued in anticipation of the taxes already levied, and that the taxes so levied were not adequate for the payment of such warrants. We are of the opinion that, notwithstanding the fact that the indebtedness of the county may have reached the federal limit, warrants issued for meeting the current expenses of the county, and in anticipation of the collection of the taxes already levied, are valid obligations, to the extent of the amount of the taxes so levied and collectible, and the issuance of such warrants does not increase the amount of the existing indebtedness of the county, within the mean-

ing of the federal limitation; and, to render such warrants invalid, it must affirmatively appear that no taxes had been provided for their payment when the warrants were issued. (*Shannon v. City of Huron,* [S. D.] 69 N. W. 598; *Town-Lot Co. v. Lane,* [S. D.] 62 N. W. 982; *Lawrence Co. v. Meade Co.,* [S. D.] 72 N. W. 405; *Darling v. Taylor,* [N. D.] 75 N. W. 766. )

In *Town-Lot Co. v. Lane* the supreme court of South Dakota said: "The fact that a municipality is indebted to the full constitutional limit does not prevent the same from levying such taxes as it is authorized to levy by law, and issuing its warrants, within the limits of such levy, in anticipation of their collection; and, so long as the warrants issued are within the amounts lawfully levied, they do not create an additional debt. To render such warrants invalid, it must affirmatively appear, therefore, that no tax had been provied for their payment when the warrants were issued."

It is also incumbent upon the county to prove, in ascertaining the amount of the existing indebtedness of the county, the amount of cash in the treasury, and other available assests and resources which may be readily converted into cash, which must be deducted from its total outstanding indebtedness; and, in the absence of any proof to that effect, the court cannot assume that there was no cash in the treasury, or other available assets, to liquidate the indebtedness incurred, or which would reduce the aggregate amount of the indebtedness of the county below the federal limit. (*Crogster v. Bayfild Co.,* [Wis.] 74 N. W. 635; *Kelly v. City of Minneapolis,* [Minn.] 65 N. W. 115.)

For the reasons herein stated, the defendant has wholly failed to plead and prove facts sufficient to con-

stitute a valid defense to this action.  The judgment of the probate court is therefore reversed, and the case remanded, with directions to grant a new trial.

All of the Justices concurring.