VAN ARSDALE & OSBORNE v. OLUSTEE SCHOOL DIST. No. 35, OF GREER COUNTY.

No. 2215, Okla. T.   Opinion Filed May 12, 1909.

(101 Pac. 1121.)

1.    SCHOOLS  AND  SCHOOL  DISTRICTS—Action  on  School Warrants—Burden of Proof.  A school-district warrant is prima facie evidence of the validity of the claim for which it was issued. Hence, in an action by the owner and holder thereof, where the only defense relied upon to defeat its payment is that the school district was indebted beyond the federal limit, it is only necessary for the plaintiff, in order to make a prima facie case, to introduce the warrants, properly executed, and to prove that he is the owner and holder thereof. The burden of proof is then upon the school district to clearly establish by competent evidence that at the time the debt was created for which the warrants were issued it had exhausted its debt-creating power by reason of the federal inhibition.

2.    APPEAL AND ERROR—Rights of Parties Failing to Appeal. Parties who fail to appeal are deemed to acquiesce in the judgment below.  They cannot be heard, on appeal by others, to

complain of errors below, and can demand no relief from the appellate tribunal.

(Syllabus by the Court.)

*Error from District Court, Greer County; C. F. Irwin, Judge.*

Action by Van Arsdale & Osborne, a partnership composed of W. O. Van Arsdale and H. L. Osborne, against the Olustee School District No. 35 of Greer County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Dyke Ballinger,* for plaintiff in error citing: *Johnson v. Board of Com'rs,* 7 Okla. 686; *Rollins v. Board,* 90 Fed. 575, 33 C. C. A. 181; *Western Town Lot Co. v. Lane* (S. D.) 65 N. W. 17; *Heffleman v. Pennington Co.* (S. D.) 52 N. W. 851; *Board v. Standley* (Colo.) 49 Pac. 23; *People v. Board* (Colo.) 52 Pac. 748; *Wilder v. Board,* 41 Fed. 512.

*S. B. Garrett* and *A. G. Garrett,* for defendant in error.

KANE, C. J. This was an action commenced in the district court of Greer county by the plaintiff in error, 'plaintiff below, against the defendant in error, defendant, below, to recover upon 10 district school warrants issued by the defendant in payment for a school house, each warrant being for the sum of $500. The defendant to defeat recovery pleaded (1) a general denial; (2) lack of authority in its officers to issue the warrants sued on; and (3) the act of Congress limiting the power of municipalities in the territory of Oklahoma to create an indebtedness in excess of 4 per cent. of the taxable valuation of the property in said municipality as shown by its last assessment. The court below found for the plaintiff on the first and second defense, finding that the warrants were regularly issued, and on the third defense found as follows:

"And afterwards, to wit, on the 12th day of August, 1907, the same being a regular judicial day of the August terms of said court, rendered judgment for the plaintiff against the defendant for the sum of $1,667.80, with interest thereon from the 25th day of October, 1902, at the rate of 6 per cent. per annum, being amount of warrants to the extent of 4 per cent. of the value of

the taxable property of said school district at date of issuance of said warrants."

From the judgment of the court below plaintiff took the case to this court by petition in error. Counsel for plaintiff in his brief makes the following statement of his case:

"The court found that the warrants when issued exceeded the 4 per cent. limitation, and were to that extent void. There is therefore but one question involved in this appeal, and that is: Did the defendant establish the fact on the trial of said cause that at the time the indebtedness was incurred for which these warrants were issued the same was in excess or exceeded 4 per cent. of the valuation of the taxable property within said district ascertained by the last assessment for territorial and county taxes, taken previous to the creation of such indebtedness? If such fact was established by the evidence in this case, then the judgment of the trial court was correct, and should be affirmed. On the other hand, if such fact was not established, then this judgment should be reversed and a judgment rendered for the plaintiff in error (plaintiff) for the amount prayed for in its petition.".

By the third paragraph of defendant's answer it is alleged "that at the date of the issuance of said warrants and each of them the taxable valuation of said school district for the year 1902 according to the assessor's returns for said year did not exceed the sum of $58,798." The court, in effect, found that the warrants over and above the sum of $1,667.80, for which it rendered judgment, were in excess of 4 per cent. of the taxable property of said school district at the date of the issuance of said warrants. The point made by counsel for plaintiff in error is that the proof was directed to the amount of the indebtedness of the school district at the date of the issuance of said warrants, instead of to the amount of the indebtedness at the time it was created. In other words, that it was incumbent upon the defendant to show that the federal limit had been reached at the date of the creation of such indebtedness, and that it was not sufficient to show that at the date of the issuance of the warrants to evidence such indebtedness the federal limit had been reached. This contention of counsel seems to be sup-

ported by the authorities. *Johnson v. Board,* 7 Okla. 686, 56 Pac. 701; *Rollins et al. v. Board,* 90 Fed. 575, 33 C. C. A. 181; *Western Town Lot Company v. Lane,* 7 S. D. 599, 65 N. W. 17; *Board v. Standley,* 24 Colo. 1, 49 Pac. 23; *People v. Board,* 11 Colo. App. 124, 52 Pac. 748; *Wilder v. Board* (C. C.) 41 Fed. 512.

In *Johnson v. Board, supra,* Mr. Justice Hainer, who delivered the opinion of the court, states the rule as follows:

"A county warrant is *prima facie* evidence of the validity of the claim for which it was issued. Hence, in an action by the owner and holder of county warrants, where the only defense relied upon to defeat the payment of the warrants is that the county was indebted beyond the federal limit, it is only necessary for the plaintiff, in order to make a *prima facie* case, to introduce the warrants, properly executed, and to prove that he is the owner and holder thereof. The burden of proof is then upon the county to clearly establish by competent evidence that at the time the debt was created for which the warrants were issued the county had exhausted its debt-creating power by reason of the federal inhibition. It is not sufficient defense in an action involving the validity of county warrants that at the date the warrants were issued the county was indebted beyond the federal limit. But it devolved upon the county to plead, and clearly establish by competent evidence, the following facts: (1) That at the time the debts were created the county had reached or passed the federal limit. (2) That the warrants were not issued for current expenses, and in anticipation of the collection of taxes already levied for such year. (3) The amount of cash in the treasury or other available assets at the time the indebtedness was incurred."

The foregoing cases have been cited with approval in *Poe v. Board,* 8 Okla. 703, 57 Pac. 1102; *Board v. Gillett,* 9 Okla. 593, 60 Pac. 277, and *Giles et al. v. Board,* 15 Okla. 55, 78 Pac. 174. Counsel for defendant in error do not seek in their brief to avoid the force of the foregoing cases, but reargue in this court the proposition presented to the court below, that a school district cannot ratify the unauthorized acts of the board of directors, that the board did an act that was unauthorized by statute in issuing these bonds, and that therefore, they were void. This question was presented to the court below, and the court found

against the contention of counsel, and no appeal was taken from this order of the court. Counsel state in their brief that "the defendant by not appealing from the judgment accepts the amount of the same and is bound thereby should it not be reversed, but, should the appellate court reverse and vacate the judgment herein, then it insists upon the issues of the case, and relies upon the record in support of the contentions therein contained as to each proposition upon which it tried the cause in the court below." Counsel cite no authorities in support of this proposition, and we do not believe the excerpt from counsel's brief is in exact harmony with the weight of authority. The rule is stated in 2 Enc. of P. & P. p. 157, as follows:

"Where the plaintiff obtains the precise relief sought by him in the trial court, he is estopped from prosecuting an appeal from the decision awarding it; but where the judgment, although in his favor, does not afford him the relief claimed, or where he may sustain injury thereby, he may seek its reversal. Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard on appeal by others to complain of errors below, and can demand no relief from the appellate tribunal."

From the foregoing it would appear that the defendant, failing to appeal from the decision of the court below and to file a cross-petition in error complaining of the rulings of the court below upon the question of the regularity of the issuance of the warrants, is precluded from urging the point in this court.

The judgment of the court below must therefore be reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.