## STATE BANK OF MIAMI v. CITY OF MIAMI.

No. 3358.   Opinion Filed November 24, 1914.

(144 Pac. 597.)

1. **MUNICIPAL CORPORATIONS—Transfer of Funds—Validity of Statute.**   (a) Section 26, art. 10, of the Constitution, contemplates that each municipality shall operate upon a cash basis, and the provisions of chapter 14, art. 7, Comp. Laws 1909 (sections 754-769), which attempt to prohibit the transfer of the surplus in a fund to a depleted fund, is repugnant thereto.

   (b)   Where all expenses chargeable to a certain fund for the current year have been paid, leaving a surplus, the same may be transferred to any fund or funds having a deficit for that year.

2. **SAME—Action Against City—Defense—Limitation on Indebtedness—Burden of Proof.**   Where warrants and claims sued upon are prima facie valid, and the defendant city seeks to avoid payment on the ground that the contracts upon which such warrants and claims are based were incurred in excess of a constitutional or statutory limitation, the burden of showing that such debt limit had been exceeded is upon the city.

3. **SAME—Transfer of Funds—Right.**   A city has no right to apply the revenue provided for the current year to the satisfaction of obligations of a preceding year. so long as there are or may be legal claims outstanding against the city for such current year; and, where the revenue provided for the current year is misapplied to the payment of obligations of a preceding year, the funds so misapplied will be considered as in the treasury in determining whether or not a constitutional or statutory limitation has been exceeded.

(Syllabus by the Court.)

*Error from District Court, Ottawa County;*
*Preston S. Davis, Judge.*

Action by the State Bank of Miami against the City of Miami. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

*F. D. Fulkerson* and *Asp, Snyder, Owen & Lybrand,* for plaintiff in error.

*Dick Rice,* for defendant in error.

LOOFBOURROW, J.   The petition in this case consists of 45 counts, of which 26 are based upon city warrants and nineteen upon open accounts. The said warrants were executed in due form by the city of Miami and show upon their face that they were drawn upon the contingent, the salary, and the street and bridge funds. The answer consists, first, of a general denial, and further alleges, in substance, that each and all of the city warrants set forth in the several causes of action are and were, at the date of their issuance, in excess of 80 per cent. of the taxes levied for city purposes during said fiscal year ending June 30, 1910. From a judgment in favor of the city of Miami, plaintiff in error appeals.

Prior to proceeding to trial the parties made the following stipulation:

"At this time the defendant, by its attorney, Dick Rice, in the case of the State Bank of Miami against the City of Miami, No. 449, admits that the services and the warrants mentioned in each of the several different causes of action set out in the petition were performed and issued to the several different parties therein named, except in cause of action No. 37, wherein E. T. Reynolds claims that there is due him from the city the sum of $474.50, and also except the item mentioned in cause of action No. 35, wherein the Coyne Lumber Company claims that there is due it for material furnished, the sum of $282.50.

"Now it is further agreed by and between the parties hereto that the plaintiffs in said cause of action admit that the services mentioned in each of said causes of action and the warrants mentioned therein were performed and issued for

labor and services and material furnished for the fiscal year ending June 30, 1910."

Thereupon the court heard the testimony of witnesses as to said causes of action Nos. 37 and 35, respectively, and, there being no offer on the part of the city to descredit said claims, the court found that the same had been duly established and stood upon the same footing at that time with the claims based upon the city warrants.

The question involved is whether or not any of the indebtedness was incurred or contracts made in violation of any constitutional or statutory limitation. Section 26, art. 10, Williams' Ann. Const. Okla., provides:

"No county, city, * * * of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year. * * *"

Section 765, Comp. Laws 1909 (section 607, Rev. Laws 1910), provides:

"It shall be unlawful for any city council to issue any certificate of indebtedness in any form, in payment of or representing or acknowledging any account, claim, or indebtedness against the city, or to make any contracts for, or incur any indebtedness against, the city, in excess of eighty per cent. of the tax levied for city expenses during the current year, nor shall any expenditures be made or indebtedness be contracted * * * in excess of eighty per cent. of the amount levied. ***"

The warrants and the claims being *prima facie* valid, as shown by the stipulation, when the city sought to avoid payment of the same on the ground that its debt limit had been exceeded, the burden of proof was upon the municipality to establish such fact. See *Johnson v. Board,* 7 Okla. 686, 56 Pac. 701; *Board of County Com'rs v. De Lana,* 8 Okla. 215, 57 Pac. 162. There was a total failure on the part of the city to show that the warrants and claims set out in the petition were in excess of 80 per cent. of the tax levied for city expenses during that current year, to wit, the fiscal year ending June 30, 1910. We have carefully read all of the testimony

in the case, and the same shows that the levy for the fiscal year ending June 30, 1910, was sufficient to meet all of the expenses of the city for that year. The testimony further shows that there was a deficit in the various city funds for the fiscal year ending June 30, 1908 and 1909, respectively, and that the officials of the city applied the funds derived from the levy for the fiscal year ending June 30, 1910, to the payment of the deficit for the preceding year. The object of the provisions of the Constitution and statute hereinbefore mentioned was to provide a method whereby municipalities could be maintained upon a cash basis, and the city authorities had no right to pay out any part of the levy of a specific year in satisfaction of indebtedness of a preceding year, before first meeting the obligations of the current year, and the fact that they did so could not render an obligation or contract within the limitation invalid. The city paid approximately $8,000, chargeable to the fiscal year ending June 30, 1909, out of the funds levied for and belonging to the fiscal year ending June 30, 1910, and if this had not been done there would have been ample funds in the city treasury to meet all of the obligations for the fiscal year ending June 30, 1910. If there is a surplus to the credit of any account or fund after all claims against such fund for that year have been paid, such surplus may be transferred to any other fund having a deficit. *State ex rel. v. Appleby,* 136 Mo. 408, 37 S. W. 1122.

Section 9 of article 10 of the Constitution contemplates a lump levy for all purposes, and the provisions of chapter 14, art. 7, Comp. Laws 1909, in so far as they attempt to prohibit the transfer of surplus funds to a depleted fund of the same year, are repugnant to the Constitution. Said chapter has received legislative construction (Rev. Laws 1910, sec. 607), and reference to the various funds is eliminated.

In *Andrew County ex rel. v. Schell,* 135 Mo. 31, 36 S. W. 206, the court, in construing the section of the Constitution almost identical with section 26, art. 10, Const. Okla., held: Reve-

nues of the current year must first be applied to the payment of warrants drawn for the expenses of such year, and this although there is a statute providing that the warrants shall be paid in the order of presentation.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

All the Justices concur.