## FAIRBANKS CO. v. CITY OF SULPHUR.

No. 5106—Opinion Filed Dec. 5, 1916.

(161 Pac. 811.)

### 1. Municipal Corporations — Actions—Burden of Proof.

Where warrants and claims sued upon are prima facie valid, and the defendant city seeks to avoid payment on the ground that the contracts upon which such warrants and claims are based were incurred in excess of a constitutional or statutory limitation, the burden of showing that such debt limit had been exceeded is upon the city.

### 2. Municipal Corporations—Indebtedness—Limitation.

A city has no right to apply the revenue provided for the current year to the satisfaction of obligations of a preceding year, so long as there are or may be legal claims outstanding against the city for such current year; and, where the revenue provided for the current year is misapplied to the payment of obligations of a preceding year, the funds so misapplied will be considered as in the treasury in determining whether or not a constitutional or statutory limitation has been exceeded.

(Syllabus by Davis, C.)

Error from County Court, Murray County; Harry W. Fielding, Judge.

Action by the Fairbanks Company against

the City of Sulphur. Judgment for defendant, and plaintiff brings error. Reversed, and remanded for new trial.

Broadbent & Rawlings, for plaintiff in error.

Ira M. Roberts, for defendant in error.

Opinion by DAVIS, C. Parties mentioned herein as in court below. Plaintiff sold defendant the following bill:

"New Orleans, Dec. 9th, 1907.

"Sold to the City of Sulphur, I. T. 6 Fairbanks hydrants, 2½ bury, 4" Universal joint connections 2-2½" hose nozzles. $27.50 each, $165.00."

Duly sworn to by F. A. Maddox, Mgr., state of Louisiana, parish of Orleans, before W. Morgan Gurley, notary public, with seal.

The following warrant was thereafter duly issued and delivered to plaintiff by defendant:

"City Warrant.
"No. 921.            $165.00.
"The treasurer of the city of Sulphur, Oklahoma, will pay to Fairbanks Co. or order the sum of one hundred sixty-five dollars for account, out of water fund. By order of council 1st day of June, 1908. D. J. Kendall, Mayor.

"Attest: R. L. Merrill, City Clerk.
"[Seal.]"

Said warrant was duly presented by plaintiff to defendant for payment on May 17, 1909, and was by the city treasurer stamped, "Not paid for want of funds," and payment refused. Plaintiff sued on said warrant before justice of the peace U. A. Fox, Sulphur township, Murray county, Okla., on November 22, 1911, and on December 13, 1911, trial was duly had before said justice, resulting in a judgment for plaintiff and against the defendant in the sum of $165 with interest after May 17, 1909, at 6 per cent., amounting to $24.75 and costs. Defendant duly appealed to the county court of said county, and a trial was had to said court on October 22, 1912, a jury being duly waived, resulting in a judgment that plaintiff take nothing by its suit, and that the defendant go hence without day, and that the plaintiff pay all costs of the suit. Plaintiff has duly appealed from the judgment of said court by petition in error and case-made, and the cause is thus before us for review.

The debt was contracted after statehood. The warrant evidencing said indebtedness was issued after statehood. The record shows that Sulphur was a city located in the Indian Territory prior to statehood, and hence governed by the laws in force in said territory as to contracts, etc., arising thereunder prior to statehood.

The act of Congress of June 28, 1898, commonly known as the "Curtis Bill," section 14, provided, among other things, as follows:

"Such city or town governments shall in no case have any authority to impose upon or levy any tax against any lands in said cities or towns until after title is secured from the tribe; but all other property, including all improvements on town lots, which for the purposes of this act shall be deemed and considered personal property, together with all occupations and privileges, shall be subject to taxation. And the councils of such cities and towns, for the support of the same and for school and other public purposes, may provide by ordinance for the assessment, levy, and collection annually of a tax upon such property, not to exceed in the aggregate two per centum of the assessed value thereof, in manner provided in chapter one hundred and twenty-nine of said digest, entitled 'Revenue,' and for such purposes may also impose a tax upon occupations and privileges."

This was the only way said defendant herein could raise revenue to run the city by taxation.

The evidence in the case shows that the defendant passed the following ordinance:

"Ordinance No. 150, City of Sulphur, Ind. Ter., passed July 25, 1907, provides tax levy as follows:

| | |
|---|---|
| General fund | 2½ mills |
| Water fund | 5 mills |
| School bond | 2 mills |
| Street and bridge | ½ mill |
| School | 9 mills |
| Salary | 1 mill. |

and it was stipulated and agreed by both parties that the assessed valuation of all taxable property within the city of Sulphur, Ind. Ter., at time of above levy was $1,000.000.00, and that a 5-mill levy would amount to $5,000."

This would provide $20,000 for all funds or purposes and $5,000 for the water fund of said defendant for the fiscal year 1907-08, under the provisions of said law and stipulation, ante.

The record shows that the fiscal year began July 1, 1907, and ended June 30, 1908. The record further shows that warrants had been drawn on the water fund of defendant prior to November 16, 1907, amounting to $5,067.02, and that the amount of the warrant indebtedness drawn on the water fund on the 1st day of June, 1908, was $8,363.78, and that the indebtedness of said defendant was on this date, June 1, 1908, $26,833.51; that the bonded indebtedness of the defendant was on November 16, 1907, and on December 9, 1907, $65,-000. No especial means were provided by which to pay indebtedness of any of the

municipalities of this state incurred after statehood and during the remaining portion of the fiscal year which began on July 1, 1907, and ended on June 30, 1908. Such indebtedness, as to its payment, falls under the Constitution and laws of the state of Oklahoma, with all other indebtedness of like kind, character, and description incurred after statehood. But the testimony in this case fails to show whether the above indebtedness of the defendant was all incurred and warrants issued therefor and charged against said funds, including the water fund, within the fiscal year of 1907-08, or not. This matter is vital to the proper determination of this controversy.

"The warrants and the claims being prima facie valid, as shown by the stipulation, when the city sought to avoid payment of the same on the ground that its debt limit had been exceeded, the burden of proof was upon the municipality to establish such fact. See Johnson v. Board, 7 Okla. 686, 56 Pac. 701; Board of County Com'rs v. De Lana, 8 Okla. 215, 57 Pac. 162. There was a total failure on the part of the city to show that the warrants and claims set out in the petition were in excess of 80 per cent. of the tax levied for city expenses during that current year, to wit, the fiscal year ending June 30, 1910." State Bank of Miami v. City of Miami, 43 Okla. 809, 144 Pac. 597.

"The object of the provisions of the Constitution and statute hereinbefore mentioned was to provide a method whereby municipalities could be maintained upon a cash basis, and the city authorities had no right to pay out any part of the levy of a specific year in satisfaction of indebtedness of a preceding year, before first meeting the obligations of the current year, and the fact that they did so could not render an obligation or contract within the limitation invalid. The city paid approximately $8,000 chargeable to the fiscal year ending June 30, 1909, out of the funds levied for and belonging to the fiscal year ending June 30, 1910, and if this had not been done, there would have been ample funds in the city treasury to meet all of the obligations for the fiscal year ending June 30, 1910. If there is a surplus to the credit of any account or fund after all claims against such fund for that year had been paid such surplus may be transferred to any other fund having a deficit. State ex rel. v. Appleby, 136 Mo. 408, 37 S. W. 1122. * * * In Andrew County ex rel. v. Schell, 135 Mo. 31, 36 S. W. 206, the court, in construing the section of the Constitution almost identical with section 26, art. 10, Const. Okla., held: Revenues of the current year must first be applied to the payment of warrants drawn for the expenses of such year, and this although there is a statute providing that the warrants shall be paid in the order of presentation." State Bank of Miami v. City of Miami, 43 Okla. 809, 144 Pac. 597.

"In our judgment, the sole question herein is whether the indebtedness was valid at the time it was incurred. In determining the validity of such indebtedness, it will, of course, always be necessary to inquire whether, at the date of its assumption, there were unappropriated revenues to meet it, because if there were not, there would be no liability resting upon the county, and the claimant would not be entitled to judgment. But if, at the time the contract was made, the indebtedness created thereby, together with all previous valid indebtedness, did not exceed the income and revenue of the county provided for such year, the claimant will be entitled to judgment for the amount of his claim. Johnson v. Bd. Co. Com'rs, 7 Okla. 686, 56 Pac. 701; Huddleston v. Bd. Co. Com'rs, 8 Okla. 614, 58 Pac. 749; Bd. of Education v. Bolton, 104 Ill. 220; New Orleans v. United States, 49 Fed. 40, 1 C. C. A. 148; Holzhauer v. City, 94 Ky. 396, 22 S. W. 752; Mountain Grove Bank v. Douglas, 146 Mo. 42, 47 S. W. 944; Higgins et al. v. San Diego Water Co., 118 Cal. 524, 45 Pac. 824, 50 Pac. 670." Buxton & Skinner Stationery Co. v. Board of Com'rs, 53 Okla. 65, 155 Pac. 215.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded for a new trial, with directions to proceed in accordance with the views herein expressed.

By the Court: It is so ordered.