KANSAS CITY SOUTHERN R. CO. et al. v. FIRST NAT. BANK OF HEAVENER.

No. 23879.    April 9, 1935.

Frank H. Moore and James B. McDonough (Varner & Varner, of counsel), for plaintiffs in error.

R. G. Bulgin, for defendant in error.

PER CURIAM. This action was commenced on July 20, 1931, in the district court of Le Flore county by the First National Bank of Heavener, Okla., against the board of county commissioners of Le Flore county, Okla., on a number of warrants issued by said county during the years 1924, 1925, 1926, and 1927, totaling $1,072.95 principal, and $412.59 interest. The Kansas City

Southern Railway Company was permitted to intervene. After its demurrer to the petition was overruled, intervener filed its answer denying the indebtedness, alleging that the action on warrants issued during 1924, 1925, 1926, was barred by the statutes of limitations, that the warrants were not within the legal estimate for the respective years in which issued, that there was no appropriation by the proper officials of Le Flore county authorizing the contracting of the debt for which the warrants were issued, that the plaintiff had not complied with chapter 106 of the Laws of 1925, that the officials of Le Flore county unlawfully transferred to the fund on which the warrants were drawn certain moneys which were levied and collected for another and different purpose, that the action was in violation of section 26, article 10 of the Constitution, and that the officials of Le Flore county had failed to do their duty in collecting the taxes levied.

All the evidence was heard by the court. The court appointed an audit committee to assist in checking certain county records and making necessary calculations. All parties were permitted to bring to the attention of the court practically all the evidence they desired to use.

The court found against plaintiff on three of the warrants on the ground that they were erroneously drawn against a fund raised by special assessment, and not valid obligation of the county, also found against plaintiff on one warrant for the reason that part of the claim was for indebtedness incurred in a previous fiscal year. No appeal is prosecuted by plaintiff on the judgment rendered on these findings.

The court found in favor of plaintiff for all the rest of the warrants; that the proper official of Le Flore county contracted with certain individuals for whom the respective warrants were drawn, that said contracts were within the estimates allowed and appropriated for such purposes during the fiscal years in which the warrants were drawn, and were legal indebtedness of the county; that the warrants were negotiable, were duly assigned to plaintiff, which was the owner thereof, and were unpaid. The court further found that the warrants were duly presented for payment to the county treasurer of Le Flore county, but for want of funds caused by failure to collect the taxes for the respective years on the taxable property of the county. It further appears that each of the warrants issued was registered in the month of July of year in which they were issued.

It was conceded by both parties that the records of the county did not disclose the facts as clearly as they should, and the evidence is not as satisfactory as it should be, but upon a careful review of the entire record, we feel that the evidence reasonably supports the findings of the court.

It is urged by appellants that the claim of plaintiff based on warrants Nos. 1 to 19, inclusive, are barred by the statute of limitations. The last registration was made on July 1, 1926, and the suit commenced on July 20, 1931, and that the five-year statute (St. 1931, sec. 101) should apply. Defendants cite in support of this argument the case of Sappington, Co. Treas., v. Board of Commissioners, 134 Okla. 253, 273 P. 274.

The conclusions reached in the Sappington Case are that the statute of limitations runs against a county, and the statute of limitations begins to run against a county, at the time of the collection of the money with which to pay the warrants.

In the case at bar it would be necessary for the defendant to plead and prove that the money was collected out of which the warrants could have been paid to start the running of the statute of limitations.

As the court said in the case of Board v. Clarke et al., 12 Okla. 197, 70 P. 206:

"In our opinion, where a warrant is issued by the officers of a municipal * * * corporation and the creditor accepts the same, relying on the ordinary modes of taxation to pay said obligation, the corporation cannot be heard to say, upon an action to enforce the payment thereof, that it is barred by the statute of limitations without first pleading and proving that it has provided a fund for the payment of such indebtedness."

The above case is cited with approval in the case of the City of Sulphur v. State, 62 Okla. 312, 162 P. 744.

The court found that the warrants were not paid because there was no fund collected out of which they could be paid. It necessarily follows that the proof was lacking to establish this fact, and the claims are not barred by the statute of limitations.

The trial court's judgment in a jury waived law case will not be disturbed by the appellate court, if it is reasonably supported by the evidence. Gordon v. Slate, 169 Okla. 399, 37 P. (2d) 270; Southland Refining Co. v. Jackson, 149 Okla. 280, 1 P. (2d) 410.

It is next urged that three warrants, totaling $56.15, are void because they were issued on a fund after the same was exhausted.

The court found from the evidence that these warrants were within the appropriation, and there is ample evidence to support this finding. When a county warrant is presented for payment and there are no funds collected to pay same, it is the duty of the county treasurer to register same, his indorsement on the warrant; "Funds not available to pay same" does not mean that the appropriation or fund is exhausted or overdrawn, but that there has not been enough money collected to equal the appropriation.

As was said in the case of Board of Education v. American Nat. Co., 135 Okla. 253, 275 P. 285:

"Here the very text of the resolution shows that the board of education was attempting to sell bonds and convert a sinking fund into cash to pay current indebtedness, or at least to carry warrants, payment of which had been extended from time to time.

"The fact, if it was a fact, that there was no money in the treasury to pay outstanding warrants was neither alarming nor an emergency that would hamper the running of the school, for the whole theory of finance, as contemplated by chapter 78, art. 2, C. O. S. 1921, is that warrants may be issued for current expenses, whether the money to pay same is actually in the hands of the treasurer or merely in the process of collection. Under sections 8628, and 8630, C. O. S. 1921, when the fund for payment of such warrants is not on hand, the warrants are so marked, and draw interest at 6 per cent. per annum until the time specified when the money is collected and advertised to be on hand. Thereafter payment of interest stops."

It is contended by intervener that recovery should have been denied on all warrants for the reason that the warrants do not show the amount of the fund appropriated for the purposes covered by the warrants, and they do not show the amount of the fund expended.

Under the holding of this court in City of Sulphur v. State, 62 Okla. 312, 162 P. 744, this omission should and does not render the warrants invalid. As the court said in the above case:

"The presumption of law is that the officials of the city performed their duty, and in the absence of a clear showing to the contrary, we are unable to say that they did not. However, the owners of these warrants cannot be prejudiced in their property rights, nor the validity of the warrants destroyed where there can be no question but that the city received value therefor by a failure of the city officials to perform their duties in making and preserving a record in the proper books of the proceedings of the city council."

It is further urged by defendant that recovery should be denied for the reason that the deficits in the funds on which the warrants were drawn were caused by a failure of the treasurer to collect the taxes. Our statutes do not contemplate that the treasurer shall do more than follow its provisions for the collection of taxes levied by the taxing authorities, and his failure to do so does not affect the validity of a county warrant.

It is next urged that some of the warrants sued on had no appropriation as a foundation for the contract on which the warrants were based. In the case of Van Arsdale & Osborne v. Olustee School Dist., 23 Okla. 894, 101 P. 1121, the court held:

"A school district warrant is prima facie evidence of the validity of the claim for which it was issued. Hence, in an action by the owner and holder thereof, where the only defense relied upon to defeat its payment is that the school district was indebted beyond the federal limit, it is only necessary for the plaintiff, in order to make a prima facie case, to introduce the warrants, properly executed, and to prove that he is the owner and holder thereof. The burden of proof is then upon the school district to clearly establish by competent evidence that at the time the debt was created for which the warrants were issued it had exhausted its debt-creating power by reason of the federal inhibition." Johnson v. Board of County Commissioners, 7 Okla. 686, 56 P. 701; Board v. De Lana, 8 Okla. 213, 57 P. 162.

The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Charles E. Wells, J. M. Jarrett, and Courtland Feuquay in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wells and approved by Mr. Jarrett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.