## COMSTOCK et al. v. CITY OF COMMERCE.

No. 13966—Opinion Filed Sept. 23, 1924.

### Municipal Corporations—Contracts in Excess of Debt Limit—Invalidity.

Under the provision of section 8638, Comp. Stat. 1921, it is unlawful for the mayor and city council of any city to enter into any contract or incur any indebtedness against such city in excess of an estimate made and approved by the excise board for such purpose or authorized by a bond issue, and any contract entered into or indebtedness incurred in violation of said section is void as to such city.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Ottawa County; Q. P. McGhee, Judge.

Action by A. C. Comstock and I. E. Hanson, copartners doing business as Comstock and Hanson, to recover an alleged balance due for the construction of certain public improvements, against the City of Commerce, Okla. Judgment went for defendant, and plaintiffs have appealed to this court. Affirmed.

Hugh Webster, for plaintiffs in error.

W. R. Chestnut, for defendant in error.

Opinion by DICKSON, C. On the 14th day of June, 1921, the plaintiffs in error, plaintiffs below, commenced an action in the county court of Ottawa county against the defendant in error, defendant below, to recover a judgment for an alleged balance due for the construction of certain public improvements for said defendant city. The parties will be referred to in this opinion

as plaintiffs and defendants as they were designated in the trial court.

Pursuant to an ordinance passed and approved by said defendant city on the 13th day of May, 1919, an election was called for June 10, 1919, for the purpose of submitting to the qualified tax paying voters the question of the issue of bonds in the amounts and for the purpose named:

(1) $8,000 for the purpose of raising funds to extend the water works system of said city.

(2) $5,000 for the purpose of raising funds to extend the sewer system of said city.

(3) $15,000 for the purpose of raising funds to construct a sewage disposal plant.

All of these propositions carried at said city election, and bonds were thereafter issued and sold, and the money derived therefrom credited to said funds, that is, $8,000 to the first project, $5,000 to the second project, and $15,000 to the third project.

On the 29th day of October, 1919, said defendant city entered into contracts with the plaintiffs to construct said improvements, the contract for the first project being for $8,679.72, the second project $6,566.92, and the third project being $12,500.

It appears that at the time the contracts were entered into there was approximately $1,500 in the city treasury, being the proceeds of a previous bond issue, and that during the time the work upon the contracts was being performed certain material belonging to the defendant city was sold for approximately $1,200, and this money placed to the credit of the water-works extension fund. No appropriation of these funds was made for the purpose of said improvements as required by section 8633, Comp. Stat. 1921.

It appears that the plaintiffs performed their part of said contracts, and prior to the 8th day of May, 1920, were paid upon monthly estimates $6,057.33 on the first project, $4,703.89 on the second project, and $10,017.28 on the third project. On the 8th day of May the final estimate was filed with the mayor and city council showing a balance due to the plaintiffs upon the first project $2,622.41, on the second project $1,928.03 and on the third project $3,642.92. This estimate was allowed and approved by the mayor and council of the defendant city, and the warrant drawn in favor of the plaintiffs in the sum of $8,193.26. The city treasurer paid upon said warrant the sum of $7,127.27, leaving a balance due upon

said warrant $1,066.16. The plaintiff remitted the sum of $66.16 and sued for the balance.

The defendant admitted that it entered into the contracts above referred to, but alleged, in substance, that the said contracts as to projects one and two were in excess of the amount of the bond issue for said purpose and therefore void as to such excess, and denying any liability on the contract for the third project.

The case was tried to the court without a jury, and the court found among other things that there was due the plaintiffs the sum of $1,066.16 upon said contracts; but that by reason of the fact that there were no funds in the city treasury at the time the contracts were entered into, except the $28,000 derived from the sale of the bonds for the purpose above referred to, said contracts were void as to the amounts in excess of said sums, and rendered judgment for the defendant.

The plaintiffs have appealed, and the sole contention made here for a reversal of this case is that on October 29, 1919, at the time the contracts were entered into there was an item of approximately $1,500 in the treasury of the defendant city, being the proceeds of a previous bond issue, and after the contracts were let there was a remittance of approximately $1,200 to the defendant city, representing the proceeds from the sale of an old pipe line, and that these sums should be considered in determining the validity of the contracts at the time they were made.

It is admitted that no estimate was made by the defendant authorities and approved by the excise board, authorizing the expenditure of either of these sums for the public improvements for which said contracts were let. Section 8638, Comp. Stat. 1921, provides that:

"It shall be unlawful for the board of county commissioners, the city council or the commissioners of any city, the trustees of any town, board of education, township board, school district board or any member or members of the aforesaid commissioners, of any of the above named boards, to make any contract for, incur, acknowledge, approve, allow or authorize any indebtedness against their respective municipality or to authorize it to be done by others, in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue."

Under the plain provision of this statute, the contract for the first project was $679.72

in excess of the sum authorized by law, and to that extent void. The contract for the second project was $1,566.92 in excess of the sum authorized, and was to the extent of said excess void. Leaving the third project out of consideration, the final estimate and the warrant drawn therefor was $2,244.64 in excess of the amount the authorities were authorized in allowing upon said contracts.

There was appropriated by the bond issue for the third project $15,000, but the estimate of the cost of this project, submitted with the plans and specifications of the city engineer, was $12,500, and that was the amount of the contract, and the officers of the defendant city had no authority to issue warrants in excess of $12,500 upon this project.

Sections 8635, 8636, and 8638, Comp. Stat. 1921, limit the power of municipalities to contract indebtedness, and contracts made in excess of such limitations are void as to such excess. Morrow v. Barber Asphalt Paving Co. et al., 27 Okla. 247, 111 Pac. 198; Bowles v. Neeley, Mayor, et al., 28 Okla. 556, 115 Pac. 344; Diggs v. Lobsitz, Treasurer of the City of Perry, 4 Okla. 232, 43 Pac. 1069; In re Town of Afton, 43 Okla. 720, 144 Pac. 184; O'Neill Engineering Co. v. Incorporated Town of Ryan et al., 32 Okla. 738, 124 Pac. 19; Haskins & Sells v. Oklahoma City, 36 Okla. 57, 126 Pac. 204; Board of Commissioners of Washita County v. Brett, 32 Okla. 853, 124 Pac. 57; Michael v. City of Atoka, 76 Okla. 266, 185 Pac. 96.

Upon the contracts above referred to the plaintiffs were legally entitled to collect from said city the sum of $8,000 on the first project, $5,000 on the second project, and $12,500 on the third project, in all $25,500. Plaintiffs admit that they have been paid $2,405.70 in excess of this amount.

We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.