## BOARD OF COM'RS OF LE FLORE COUNTY et al. v. CENTRAL NAT. BANK OF POTEAU.

No. 24965. March 5, 1935.

Cruce & Franklin and James B. McDonough, for plaintiffs in error.

Varner & Varner, for defendant in error.

RILEY, J. This is an appeal by interveners, the Kansas City Southern Railway Company, and the receiver of the St. Louis & San Francisco Railway Company, from a judgment in favor of defendant in error, herein referred to as plaintiff, in an action commenced by it to recover judgment on certain warrants issued against the separate school fund of Le Flore county.

The plaintiff sought judgment on certain warrants of the series of the fiscal year 1931-32, and certain warrants of the 1930-31 series.

It alleged the issuance of said warrants within the appropriation made for separate school purposes for the respective fiscal years, their assignment to plaintiff; that it had presented same for payment and pay-ment had been refused for want of funds, arising from failure to collect the full amount of taxes assessed and levied for separate school purposes for said years, and that at no time had there been funds available with which to pay same.

The defendant county answered by general denial.

The Kansas City Southern Railway Company and J. M. Kurn and John G. Longsdale, receivers of the St. Louis & San Francisco Railway Company, as taxpayers, asked and obtained leave to intervene. Said taxpayers then filed their answer and pleaded therein that certain of the warrants of the 1931-32 series, aggregating $1,025.73, had been paid on March 25, 1933, after the commencement of this action. This appears to have been conceded and there is no question here as to said warrants.

Interveners then pleaded that as to warrant No. 148, series 1930-31, amounting to $645, cash had been received by the county treasurer sufficient to pay said warrant and all other warrants of the series of 1930-31; that warrants 161 and 162 of the 1930-31 series included in plaintiff's petition were void because issued in excess of the appropriation for the purpose for which issued, and that as to warrants Nos. 54, 55, and 56 of the 1931-32 series, aggregating $677.25, cash had been received by the county treasurer sufficient to pay all of the warrants of said year up to warrant No. 59, which included all warrants of that series sued upon. On all the warrants sued upon except those conceded to have been paid pending this action, and also excepting warrants numbered 161 and 162 of the series 1930-31, judgment was rendered in favor of plaintiff in the full amount thereof, including interest at the rate of 6 per cent.

As to warrant No. 161, above mentioned, the court found that it was issued in excess of the appropriation against which it was drawn to the extent of $8.80, and that warrant No. 162 was in excess of the appropriation to the extent of $15, and rendered judgment in favor of plaintiff on each of said warrants in the sum of $150. From which judgment interveners appeal.

First we consider the question raised as to the validity of warrants Nos. 161 and 162, above.

It is contended that said warrants were void because issued in excess of the appropriation of the fiscal year 1930-31, made for

the purposes for which they were drawn, and this is the only ground upon which the validity of said warrants was attacked in the pleadings of interveners.

It appears that warrant No. 161 was issued upon the authority of an order of W. Ray Wellon, county superintendent, purporting to authorize the issuance of a warrant in favor of H. E. Franks for painting and repairing school district No. 47, separate school, during month of May, 1931, and warrant No. 162 was issued under a like order to Franks "for painting during month of May, 1931, in school district No. 108, in separate school."

It appears that there was an appropriation made in the sum of $150 for "maintenance" of the separate schools in each of said districts for said fiscal year.

Painting and repair would properly come under the head of "maintenance."

There was a sufficient appropriation made for each of said separate schools to the extent of $150.

Plaintiffs in error contend that the trial court was without power to render judgment for a part of said warrants. They cite no authority in support of this contention.

Defendant in error cites no authorities upholding the judgment. In such case, unless the judgment rendered be clearly beyond the power and jurisdiction of the trial court, this court will not disturb the judgment. The question, however, appears to be conclusively settled against the contention of plaintiffs in error in Comstock v. City of Commerce, 100 Okla. 302, 229 P. 167. Therein contracts covering three separate projects were involved. The specific amounts provided by law for said projects were, for the first, $8,000; for the second, $5,000, and for the third, $15,000.

Contracts were awarded for the first two projects in excess of the funds legally available.

In the opinion it is said:

"Sections 8635, 8636, and 8638, Comp. Stat. 1921, limit the power of municipalities to contract indebtedness, and contracts made in excess of such limitations are void as to such excess."

And:

"Upon the contracts above referred to the plaintiffs were legally entitled to collect from said city the sum of $8,000 on the first project, $5,000 on the second project. * * *"

It is, therefore, clear that the trial court was correct in awarding judgment upon the warrants involved to the limit of the appropriation and denying judgment for anything in excess thereof.

The contention is made that, inasmuch as the only allegation in the petition of the plaintiff as to the reason why its warrants were not paid was because of failure to collect the full amount of taxes assessed and levied for the year (or years) during which such warrants were issued, plaintiff was not entitled to judgment because the county treasurer was derelict in his duty in failing to collect all the taxes levied.

The question is not briefed in this case, but reference is made to briefs filed in another case tried in the lower court on the same day, and judgment rendered contrary to the contention of plaintiffs in error herein. We have examined the briefs in the other case and fail to find any authority cited therein supporting the contention made.

It is contended in effect that the allegation that lack of funds to pay said warrants was due to failure to collect all the taxes is an admission that the taxes were collectible, and that the fault is wholly that of the county treasurer, and that in such circumstances plaintiff's only remedy is an action against the county treasurer to compel him to perform his duty and collect the taxes.

It is then contended that "The treasurer is liable on his official bond for any failure to collect the taxes."

It may be observed that the only method provided by law for the county treasurer to force the payment of delinquent taxes is to issue a tax warrant and deliver same to the sheriff of the county for execution in the manner provided by law. As to delinquent taxes levied against real property, it is the county treasurer's duty to advertise and sell the property at the time and in the manner provided by law. There is not the slightest intimation in the record that the county treasurer had not performed all the duties laid upon him by law in this regard.

But, assuming that he had not, does it follow that the holder of a valid warrant against the county is not entitled to a judgment thereon because of the failure of the county treasurer to perform his duty? It was an obligation of the county and not that of the county treasurer that plaintiff was seeking to enforce.

There is no contention that the warrants in question, except those referred to above, were not legally issued and within estimates made and approved by the excise board.

Under section 5952, O. S. 1931, warrants may be issued to the amount of the estimate made and approved by the excise board for the current fiscal year.

This court has on many occasions held that a county may become indebted to an amount not exceeding the income and revenue provided for any one year; so when an estimate has been made and approved and a levy of taxes made thereunder, warrants lawfully issued within the amount of the estimate, but not paid because of failure to collect the taxes so levied, may be reduced to judgment. Many judgments of that nature have been upheld. At no time has it been even hinted that it was the duty of the holder of such a warrant to proceed against the county treasurer to compel him to collect the taxes before judgment could be obtained upon the warrant. Counsel cite no case from any other jurisdiction where it has been so held.

It must be borne in mind that the obligation is that of the county, and the holder of a legal warrant is not chargeable with the failure to collect the taxes from whatever cause.

The presumption is that the county treasurer has complied with the law and has done that which the law required of him in the matter of collection of taxes, and has issued tax warrants against every taxpayer delinquent in the payment of personal taxes, and has advertised and sold or offered for sale every parcel of real estate within the county subject to sale for delinquent taxes, and, as stated before, there is nothing in this record to indicate the contrary. And, however the case may be, it was not the fault of the holder of the warrants of the county. If the county treasurer has been derelict in his duty and interveners have suffered, or may suffer additional burdens on account thereof, it may be that they have a remedy against him and his bondsmen. But that question is not here involved. It may be that if the county treasurer was derelict in his duty in failing to collect the taxes, the holder of the valid warrant, unpaid on that account, might have a cause of action against the treasurer to compel him by mandamus to perform the duties imposed upon him by law. But certainly he would not be compelled to resort to such a remedy.

Finally it is contended that plaintiff could not recover on certain of the warrants for the reason that more than enough cash had been collected and placed in the county treasury for each of the fiscal years to pay all warrants issued against the appropriations made for the purposes for which plaintiff's warrants were issued.

Plaintiffs in error arrive at their figures by taking into account the taxes of the preceding year in excess of outstanding warrants, in process of collection, in making up the financial statement, and treating the same as cash.

If this were proper and such taxes in process of collection were the same as cash, many counties and cities would have no difficulty whatever in discharging their outstanding indebtedness. But the fact that such taxes in process of collection are not the same as cash is what gives rise to many actions on warrants. Such taxes are entitled to be considered as assets for the purpose of reducing the levy for the ensuing year.

Because it is necessary to make up the estimate at a time prior to that when tax warrants may be issued or real property sold for taxes, the theory is indulged that such taxes will be paid during the ensuing year. But all too often the expectations based upon such theory vanish. For various reasons the taxes are not paid, possibly, as suggested here, because some taxpayers are unwilling, though able, to bear their just share of the expenses of government; possibly because of actual inability to pay, and possibly because the county treasurer, though willing to advertise and sell property liable for taxes, is induced by means, sometimes suggestive of force, to permit the property to remain unsold. Certainly such unpaid taxes cannot be used to pay the obligations of the county. While they may be treated as cash for the purpose of making up the estimate, certainly they are not cash or its equivalent when it comes to discharging obligations.

The contention is untenable, and the trial court was correct in rejecting it.

The judgment is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.