## BOARD OF COUNTY COM'RS OF LE FLORE COUNTY et al. v. CENTRAL NAT. BANK OF POTEAU.

No. 24966. April 28, 1936.

Cruce & Franklin, James B. McDonough, and Joseph R. Brown, for plaintiff in error.

Varner & Varner, for defendant in error.

RILEY, J. This is an action commenced in the district court of LeFlore county by the Central National Bank of Poteau against the board of county commissioners of Le-Flore county to recover judgment on certain county warrants amounting in all to $17,351.22, exclusive of interest.

The defendant board of county commissioners answered by general denial. The Kansas City Southern Railway Company and John M. Kurn and John G. Lonsdale, receivers of the St. Louis & San Francisco Railway Company, as taxpayers, asked and obtained leave to intervene.

Of the warrants sued upon some were general county fund warrants issued for the fiscal years 1925-26, 1930-31, 1931-32, and 1932-33. Others were warrants drawn against special funds such as the crippled children's fund, the tick eradication fund, and the tuberculosis patient's fund. Interveners assailed the validity of warrants numbered 97, 100, 105, 108, 109, 110, and 119, against the tubercular fund, series 1930-31, upon the alleged ground that they were issued for purposes for which there was no appropriation for said fiscal year; warrants Nos. 49, 51, and 52, crippled children's fund, series 1930-31, in that certain items included in the claims upon which they were issued were for indebtedness arising during a previous fiscal year. General fund warrants, fiscal year 1930-31, numbered between 1658 to 1713, inclusive, were assailed upon alleged ground that sufficient cash had been received by the county to pay all of said warrants in full; the same claim was made as to all tick eradication funds 1930-32. Crippled children's fund warrants, series 1931-32, Nos. 79 to 82, inclusive, and 88, were assailed as being issued for expenditures unauthorized by law. Certain general fund warrants, series 1931-32, were assailed upon the alleged ground that sufficient money had been received from the income from said fiscal year to pay same in full. General fund warrants, series 1931-32, numbered 742 and 755, were assailed as being issued for purposes for which no appropriation had been made. General fund warrants, series 1930-31, numbered between 1860 and 1909, were assailed as being issued in excess of the income and revenue provided for said fiscal year. Other warrants sued upon were assailed as having been paid. It appearing that such warrants as were assailed upon the last ground had in fact been paid, no judgment was rendered thereon. Warrants issued against the crippled children's fund, series 1930-31, were in part found by the court to have been issued upon claims arising in the previous fiscal year, and judgment, to that extent, was denied.

On all other warrants involved judgment was for plaintiff, and interveners appeal.

In the first proposition presented, plaintiffs in error claim that no judgment should be rendered against the county upon any of the warrants, under the petition, because said petition only alleged that said warrants had not been paid because the taxes had not been collected. This identical question was presented and decided adversely to the contention of plaintiffs in error in Board of Co. Com'rs of Le Flore County et al. v. Central Nat. Bk. of Poteau, 171 Okla. 42, 41 P. (2d) 853. wherein it is held:

"The holder of a valid county warrant

which cannot be paid because of failure of the county to collect all the taxes levied for the purpose for which such warrant was issued is not chargeable with such failure to collect and is entitled to judgment on such warrant."

See, also, Kansas City Southern R. Co. v. First Nat. Bank of Heavener, 171 Okla. 472, 43 P. (2d) 713.

It is next contended that the warrants sued upon were all void on their face because they do not show thereon the amount of the appropriation for the purposes for which they were issued and do not show the amount of the fund expended. This question was decided adversely to the contention of plaintiffs in error in Kansas City Southern R. Co. v. First Nat. Bank of Heavener, supra.

The next proposition is that defendant in error did not comply with chapter 106, S. L. 1925.

Said act was held not to apply to county warrants in Excise Board of Creek County v. Gulf Pipe Line Co., 156 Okla. 103, 9 P. (2d) 460.

The next proposition is that warrants (tubercular warrants) Nos. 97, 99, 100, 105, 108, 109, 110, and 119, series 1930-31, aggregating $75.86, were illegal and void for the reason that they were issued for purposes for which there was no appropriation made for said fiscal year. There is no evidence whatever that there was no appropriation made for said fund for said years.

The claims upon which the warrants were based appear in part at least to have been made against other funds; i. e., when they came up for consideration, or at some time before, the claims were changed so as to appear against other funds, but when finally allowed they were allowed and warrants were drawn against the tuberculosis fund.

The court found from the evidence that they were properly allowed against said fund, and, as stated, there was no evidence showing the lack of an appropriation for said fund. for said year, or that said warrants were not within such appropriation. The presumption and evidence reasonably tend to support the finding and judgment.

There was much carelessness in the office of the county clerk in keeping the accounts, but the finding of the court must be sustained. It is asserted that because the answers of interveners were verified and contained allegations that there was no appropriation for that purpose, the judgment was erroneous as to such warrants. Mere allegations of this nature, whether verified or not, are not sufficient to dispense with proof in support thereof, especially where the invalidity of a warrant, prima facie valid, is sought to be shown.

As to warrants 49, 50, and 52, crippled children's fund, series 1930-31, it is contended that said warrants are void because the claims for which said warrants were drawn show upon their face that the indebtedness represented by said claims and warrants was incurred during a previous fiscal year. This contention was made at the trial, and the court very properly excluded from the judgment the warrants representing that part of the indebtedness shown to have been incurred during a previous fiscal year. The balance was properly allowed.

Some objection is made to certain items in the claims for transportation of crippled children to and from the hospital. The claim, as we understand it, is that only actual expense of physical transportation is allowable, such as railroad fare or bus fare. The items objected to appear to be trivial and are for food or meals en route.

It is next contended that 29 of the warrants involved, series 1930-31, amounting to $1,989.85, were invalid and did not constitute an obligation of the county for the reason that sufficient cash revenue had been received by the county treasurer for that fiscal year to pay all the general fund 1930-31 warrants issued.

The condition appears to have been brought about by using a part of the money so collected to pay interest on prior warrants. An appropriation of $1,000 had been made to pay interest on general fund warrants. This was apparently insufficient.

It is said that this court held in Jones v. Blaine, 149 Okla. 153, 300 P. 369, that money must be on hand in the county treasury when warrants are issued. It was so held as to the warrants under consideration in said case, but that case, and concerning which the statement was made, involved warrants issued or to be issued against the sinking fund to pay interest on and principal of municipal bonds and judgment.

That case is not applicable to warrants issued against the general fund of a county for current expenses.

It has often been held that under the statute governing the fiscal affairs of counties and other municipalities, warrants may be issued to the full amount of appropriations

14

made for the several purposes for which legitimate expenditures may be made.

The total appropriation out of the general funds of the county for that year was $89,-155. The total general fund warrants registered by the treasurer for that year amounted on their face to $87,940.82. The appropriation included an item of $1,000 to pay interest on county warrants.

The appropriation, exclusive of the item for interest, exceeded the total face amount of warrants issued in the sum of $214.18. Therefore, none of the warrants were void as being in excess of the appropriation. It may be that the fund actually collected, which was less than the amount of the face of the warrants issued, was thereafter depleted by paying interest on some of the previously issued warrants. This was the explanation of the county treasurer. Assuming that such payment of interest was unauthorized, which we deem it unnecessary to decide, that fact would not render the warrants here involved void. Town of Covington v. Antrim Lbr. Co., 123 Okla. 129, 252 P. 50; School Dist. No. 8 v. Home Lbr. Co., 97 Okla. 72, 221 P. 433.

The same contention under a similar state of facts is made as to certain warrants of the 1931-32 series, and as to warrant No. 11, series 1931-32, on the tick eradication fund.

Warrants 79 to 82, inclusive, and 89, 1931-32 series, crippled children's fund, amounting to $52.50, are challenged as being unauthorized by law. Warrants 79, 80, 81, and 82 show upon their face that they were issued to Ralph Campbell "for glasses." Plaintiffs in error say in their brief that the claims upon which these warrants were issued were introduced in evidence and sustain their contention. We fail to find any one of the claims in the record. The record, at p. 175, shows J. H. Gaber, deputy county clerk, on the witness stand. He testified that he was unable to find claims numbered 1758 to 1762, inclusive. Warrant No. 79 was based upon claim No. 1758; warrant No. 80 was based upon claim No. 1760; warrant No. 81 was based upon claim No. 1761; warrant No. 82 was based upon claim No. 1762; warrant No. 86 was based upon claim No. 2182; but the claim was neither produced nor introduced in evidence. The record is therefore silent as to the claims. It is entirely possible that a part of the money claimed was an improper charge. The evidence is that Campbell, the claimant, was a jeweler in Poteau. If any part of the claim was for fitting the glasses for crippled children, that would not be a proper charge against the fund under the provisions of section 1751, O. S. 1931, which in part provides:

"No compensation shall be paid from said fund to any physician, surgeon, or nurse, who shall treat such patient and no claims for the care of deformed or sick and indigent persons may be paid from said crippled children's fund, unless said claims have been incurred under the provisions of this act."

It may be that the child or children for whom the glasses were "fitted" may have been regularly admitted to the hospital as provided by the act, and the glasses ordered by the proper physician or specialist.

The warrants being prima facie valid, the burden of showing invalidity was upon defendant or interveners. This burden they failed to meet unless we say, as claimed by interveners, that the only legitimate claims against said fund are those for necessary expense for hearing before the juvenile court, and the expense necessarily incurred in transporting such child or children to and from the hospital. We are unwilling to construe the law so as to so limit the purpose of the statute. It is evident that whatever may be deemed necessary by the proper physician authorized to treat a child in the manner provided by law, for the cure, correction, or remedy of any malady or deformity, with the exceptions referred to above, is a proper charge against said fund.

Warrants No. 742-755, series 1931-32, are challenged. The only objection in the pleading is that there was no appropriation for the purposes for which said warrants were issued. There is no proof to sustain the allegation.

Finally it is contended that certain general fund warrants, 1930-31 series, numbered from 1860 to 1909, amounting in all to $878.-63. are illegal and void as being issued in excess of the total income and revenue provided for said fiscal year, and therefore exceed the debt limitation provided in section 26, art. 10, of the Constitution.

The contention, in substance, is that because the amount actually received from the four-mill levy made for general purposes, after allowing 10 per cent. for delinquent taxes, added to the amount actually received from sources other than ad valorem taxes, did not equal the total amount of all warrants issued, the warrants issued in excess thereof are void.

There is no claim that the warrants issued exceeded the appropriation, but the

claim is that the "income and revenue provided" was insufficient to cover the amount of the warrants issued.

The financial statement and estimate of needs for that year is not in the record and was not introduced in evidence. The only evidence on the question is that of a Mr. Long, a tax auditor for one of the railroad companies. He was somewhat zealous in his endeavor to find a basis for the invalidity of these warrants. His evidence went only to the amount of revenue provided from the four-mill ad valorem levy and the amount of estimated income from other sources. The record is silent as to whether or not there was any surplus revenue available from the previous fiscal year.

We might rest the matter on the record thus made. But it is earnestly contended that a mere estimate of income other than from ad valorem taxes is not sufficient to "provide" income and revenue within the meaning of section 26, art. 10, of the Constitution.

The Constitution does not specifically prescribe the manner in which the revenue is to be provided. That matter is left to the Legislature, and by section 9699, C. O. S. 1921, that body has set out how the income and revenue shall be provided and specifically say that the amount of probable revenue from sources other than ad valorem taxes, not exceeding the amount actually received from such sources the next preceding year, may be considered and taken into account, as well as any surplus that may be on hand. That this may be done has often been held, and particularly in Blake v. Abraham, 149 Okla. 112, 299 P. 488.

While there appears to have been much negligence and incompetency on the part of the county officials having charge of the fiscal affairs of the county for the period mentioned, we hold that there is no showing of invalidity of any of the warrants involved with a possible exception of No. 742, for $3.25 issue to Marshal Blalock, for expenses incurred for transporting prisoners. This small amount does not justify a reversal.

The judgment is affirmed.

OSBORN, V. C. J., and BUSBY, WELCH, PHELPS. CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS, J., absent.