**JOINT SCHOOL DIST. NO. 1 v. STATE NAT. BANK OF WYNNEWOOD.**

No. 25537. May 4, 1937.

R. E. Bowling, for plaintiff in error.

Blanton, Curtis & Blanton, for defendant in error.

PHELPS, J. This was an action against the defendant school district, a municipal corporation, on warrants issued by it, in which action the plaintiff assignee of said warrants prevailed. The defendant appeals.

The claims or expenses for which the warrants were issued, were created during the fiscal year commencing July 1, 1929, and ending June 30, 1930, and the warrants were issued pursuant to the approved, estimated needs and appropriation of the defendant school district for that year. The taxes levied were collected, and the indebtedness paid by the warrants was within the constitutional limitation of expenditures to the income and revenue provided (sec. 26, art. 10, Constitution of Oklahoma).

However, after the taxes had been paid and the money was in the hands of the county treasurer, said fund was wrongfully or mistakenly used for paying warrants of the same school district which had been issued in prior fiscal years. The result of the county treasurer's paying the 1929-1930 collected taxes on the warrants issued in prior years was to deplete the fund on hand which had been created by the taxes of 1929-1930, so that when the warrants in the instant case, issued in that year, were presented, there was no money remaining with which to pay them.

In appealing, the defendant admits that a school district tax, levied for a current fiscal year, cannot be used to pay indebtedness incurred during a prior fiscal year, but contends that the holder of the warrants in suit, having neglected to present them for payment when the money was on hand with which to pay them, cannot be heard to complain that the county treasurer paid out the money in satisfaction of obligations of prior years. There are no citations of authorities to this effect, and we think it self-evident that such contention cannot be the law. The appropriation and estimate were made for a particular purpose, and the taxes were levied and so collected for that purpose, namely, the obligations of the school district for the particular year 1929-1930. It is settled law that the taxes so collected cannot be used for other purposes while valid outstanding obligations of the same fund, incurred during or for that year, are still unsatisfied. See cases cited, infra. It was not within the discretionary power of the county treasurer to apply the funds to the satisfaction of warrants issued during prior years. There is no contention that any of the warrants were void as being in excess of the appropriation.

Contention is also made that when the taxpayers residing within the school district paid the tax to the county treasurer it relieved said school district from the payment of these warrants, regardless of whether the county treasurer used the money to pay the warrants or for some unauthorized purpose. No citations of authorities are supplied us by the defendant on this proposition, and therefore it will not be decided.

This court has frequently passed on the main question presented herein. In Anadarko Funeral Home v. Scarth, 173 Okla. 103, 46 P. (2d) 539, we said:

"We have repeatedly held that if the indebtedness created by the municipality's contract is within the income and revenue provided and approved, and if the funds on hand and not already validly obligated for the payment of other indebtedness are sufficient to meet the indebtedness created by the contract on the date it was executed, then the contract binds the county or other municipality, without regard to subsequent misapplication of the funds by the county commissioners. Gentis v. Hunt, 121 Okla. 71, 247 P. 358; Buxton & Skinner Stationery Co. v. Board of Commissioners of Craig County, 53 Okla. 65, 155 P. 215, and cases cited."

In the above decision an important distinction will be noted between those cases where the fund has become exhausted at the time of performance of a contract which is uncertain and indefinite in the amount to be paid out, and those cases where the contractual obligation in a definite and certain amount is created when the fund is on hand, so that it may be earmarked, but which fund becomes exhausted prior to the time when payment under the contract becomes necessary.

In Board of County Commissioners of Le-Flore County v. Central National Bank of Poteau, 177 Okla. 11, 57 P. (2d) 257, third paragraph of the syllabus, we held:

"County warrants issued with the balance left in an appropriation made for the proper purpose for the fiscal year in which issued are not rendered invalid because a part of the fund so provided is afterward used to pay interest on other prior warrants."

In the body of the opinion of that case, wherein the facts and principles were analogous to the instant case, it was said:

"It is next contended that 29 of the warrants involved, series 1930-31, amounting to $1,989.85, were invalid and did not constitute an obligation of the county for the reason that sufficient cash revenue had been received by the county treasurer for that fiscal year to pay all the general fund 1930-31 warrants issued.

"The condition appears to have been brought about by using a part of the money so collected to pay interest on prior warrants. * * *

"The appropriation * * * exceeded the total face amount of warrants issued. * * * Therefore, none of the warrants were void as being in excess of the appropriation. It may be that the fund actually collected, which was less than the amount of the face of the warrants issued, was thereafter depleted by paying interest on some of the previously issued warrants. This was the explanation of the county treasurer. Assuming that such payment of interest was unauthorized, which we deem it unnecessary to decide, that fact would not render the warrants here involved void. Town of Covington v. Antrim Lbr. Co., 123 Okla. 129, 252 P. 50; School Dist. No. 8 v. Home Lbr. Co., 97 Okla. 72, 221 P. 433."

The defendant also complains of the amount of interest allowed by the trial judge. This question was not raised by the defendant's pleadings, nor was it raised during the trial of the case nor in the motion for new trial. A question not raised in the trial court will not be considered on appeal. Ewart v. Boettcher, 174 Okla. 460, 50 P. (2d) 676.

The judgment is affirmed.

BAYLESS, V. C. J., and BUSBY, WELCH, CORN, and HURST, JJ., concur. OSBORN, C. J., not participating. RILEY and GIBSON, JJ., absent.