## BOARD OF COM'RS OF STEPHENS COUNTY v. OKLAHOMA TRACTOR & EQUIPMENT CO.

No. 28141.   June 14, 1938.

J. W. Marshall, County Atty., and Virgil O. Martin, Asst. County Atty., for plaintiff in error.

Paul Sullivan and Butler, Brown & Rinehart, for defendant in error.

GIBSON, J.   The Oklahoma Tractor & Equipment Company brought suit against the board of county commissioners of Stephens county, state of Oklahoma. to recover on a warrant issued by said board for materials and supplies sold to Stephens county.   Judgment was rendered for the plaintiff,

and the county, under its official designation, appeals.

There is no question of the actual sufficiency of the appropriation as made to cover the items purchased. It is contended, however, that there was no proof introduced to show a contract made by the county commissioners, and that there is no proof that a purchase order was ever issued. It is further contended that at the trial the company failed to comply with those statutory requirements which make a certain showing necessary before judgment on a contract can be rendered against a county. These various requirements are set forth in sections 5970, 5971, 5972, 5973, 5977, and 5978, O. S. 1931 (62 Okla. St. Ann. secs. 311, 312, 313, 314, 362, and 363), and would be controlling if this were a suit on a claim. But the suit is on a warrant; hence the foregoing statutes are inapplicable. Board of County Com'rs of Le Flore County v. Central Nat. Bank of Poteau, 177 Okla. 11, 57 P.2d 257; Excise Board of Creek County v. Gulf Pipe Line Co., 156 Okla. 103, 9 P.2d 460.

The county commissioners here seem to have adopted the practice of dividing the county highway fund into three parts, one for each commissioner—a practice strongly condemned by this court in Board of Com'rs of Carter County v. Landrum, 163 Okla. 199. 21 P.2d 736. Out of this practice this controversy arose. The president of the plaintiff company testified that the company's claim was allowed by the board in regular session, warrant therefor issued and delivered to him, then properly registered. He then started out with it, when he was stopped by one of the commissioners and the county clerk. The latter, under pretext of getting the warrant cashed, according to the testimony, took the warrant and kept it. The board then attempted to cancel it. The claim was then made at the trial that the warrant was never properly issued, but the court had ample testimony upon which to find in favor of the validity of its execution and delivery.

The testimony shows sufficient unincumbered appropriation in the highway fund to meet the claim on which the warrant was based, but that the warrant would "overdraw" the one-third allotted to the commissioner in whose charge the supplies were placed. The commissioners and the county clerk apparently discovered this fact after delivery of the warrant, hence the scheme to get it back. No authorities are shown to support the action of attempted cancellation in this manner.

The judgment is, therefore, affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.